**Linda Kay KING,
Appellant-Respondent,**

v.

**Bobby Lee KING,
Respondent-Appellant.**

Nos. 48845, 48844.

Missouri Court of Appeals,
Eastern District,
Division One.

July 9, 1985.

Gael D. Wood, Eckelkamp, Eckelkamp, Wood and Kuenzel, Washington, for Linda Kay King.

John B. Berkemeyer, Berkemeyer & Barks, Hermann, for Bobby Lee King.

CARL R. GAERTNER, Judge.

Consolidated appeals of husband from the denial of his motion to modify the maintenance provision of a dissolution decree and of wife from the denial of her oral motion for attorney's fees.

■ The marriage of the parties was dissolved in 1976 and a settlement agreement was incorporated into the decree of dissolution. The agreement expressly provides "[e]xcept for child support and custody provisions ... none of the provisions or terms of this agreement or of the decree shall hereinafter be changed or modified." Husband argues incorporation into the decree causes the agreement to be decretal and therefore subject to modification. We disagree. In *Davis v. Davis*, 687 S.W.2d 699 (Mo.App.1985) we held an express agreement to preclude modification of the maintenance provision was binding upon both the parties and the court regardless of incorporation into the decree. The trial court properly ruled it was without jurisdiction to modify the maintenance provision of the settlement agreement.

■ Wife contends the trial court erred in denying her oral motion for attorney's fees made during the hearing on the motion to modify. She accurately states the fact the motion was oral rather than written is not, of itself, grounds for denial. Section 452.355, RSMo. (1978), which provides for the court to issue an order for the payment of attorney's fees, is silent with respect to requisite formalities. Rule 55.26 provides that motions shall be in writing "unless made during a hearing or trial." Provided the parties are afforded adequate notice and a full opportunity to be heard, the mere fact that a motion for attorney's fees is made orally during the hearing is not grounds for its denial. *Bishop v. Bishop*, 618 S.W.2d 261, 263 (Mo.App.1981).

Here, although mentioned by the trial judge, the oral nature of the motion was not the sole basis for its denial. The parties stipulated that in assessing the application for attorney's fees the court should consider their answers to interrogatories detailing their respective financial conditions. Wife's contention that the trial court did not consider this evidence is totally unsupported by the record.

■ Subsequent to the filing of notices of appeal by both parties, wife filed a motion for attorney's fees and costs pending appeal. This motion was submitted to the court on the evidence adduced at the prior hearing, the interrogatories and the deposition testimony of wife. The trial court

**280**

ordered husband to pay $1,500 for wife's attorney's fees and expenses of appeal. Wife now ungratefully points to this order as proof of the error of the trial court's denial of her motion for attorney's fees on the motion to modify. She relies upon *Orth v. Orth*, 637 S.W.2d 201, 206 (Mo.App. 1982) wherein this court found an abuse of discretion in a case presenting the converse of the facts here. In *Orth* we held that an award of attorney's fees made at the time of the hearing on the motion to modify implied the wife had insufficient funds and that husband had sufficient funds to pay her legal expenses. Therefore, the denial of her motion for attorney's fees on appeal a short time later, in the absence of any evidence of changed circumstances, was inconsistent.

The facts in this case do not lead to a similar conclusion. Here, the trial court, aware that most of wife's pre-hearing representation had been furnished by a relative, found she was able to earn enough to pay the requested attorney's fee of $750. Such a determination does not imply any conclusion regarding her ability to pay double that amount for additional legal services on appeal. Because an impoverished condition may be presumed to continue in the absence of changed circumstances, it does not follow that ability to pay one obligation demonstrates the ability to pay a second and greater obligation. In ordering husband to pay attorney's fees and expenses on appeal, the trial court expressly noted the great disparity of income between husband and wife. This finding is amply supported by the interrogatory answers. Accordingly, we find no abuse of the broad discretion vested in the trial court regarding the denial of the wife's motion for attorney's fees on the motion to modify. *See Whittenton v. Whittenton*, 659 S.W.2d 542, 549 (Mo.App.1983).

Judgment affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.