Robert S. **MENDELSOHN,**
**Petitioner/Respondent,**

v.

Dolores M. **MENDELSOHN,**
**Respondent/Appellant.**

Nos. 55703, 55725.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 27, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 1990.

Application to Transfer Denied
May 15, 1990.

Daniel P. Card, II and Bryan L. Hettenbach, Love, Lacks & Paule, St. Louis, for respondent/appellant.

Bernard A. Barken, Bernard A. Barken, P.C., St. Louis, for petitioner/respondent.

HAMILTON, Presiding Judge.

Appellant, Dolores M. Mendelsohn (hereinafter Wife), appeals the order of the trial court modifying the dissolution decree, entered May 16, 1985, reducing the amount of maintenance payable to her by Dr. Robert S. Mendelsohn, her former husband (hereinafter Husband). We reverse.

Pursuant to the parties' dissolution of marriage decree, Wife was awarded $2400 monthly as and for decretal maintenance. On January 23, 1987, Husband filed a motion to modify maintenance. Following a hearing on August 18, 1988, the trial court entered an order of modification reducing the maintenance to $1000 per month. Wife filed a motion to amend the order. On November 1, 1988, the trial court entered a second amended order, modifying certain of its findings of fact, but reasserting its previous order reducing Wife's maintenance to $1000 per month. Wife thereafter appealed.

The parties were separated on February 19, 1984, after five years and ten months of marriage. Their marriage was dissolved on May 16, 1985. At the time of marriage, Husband was fifty years old and Wife was forty-seven. Each had older children by prior marriages.

Evidence presented at the hearing on the motion to modify disclosed that Husband was a physician in private practice with Associated Internists, Inc., in which he owned a twenty percent interest. During the marriage, Wife had been licensed as a real estate salesperson. Although she worked for two real estate companies, Wife testified she had been fired because Husband called her too often at work. She believed that he did not want her to work. Her real estate license lapsed in 1984.

Wife suffered physical illness during the marriage. Complaining of rectal bleeding in 1981, Wife was diagnosed as having internal hemorrhoids and cancer in the wall of the rectum. Following radiation treatment, Dr. Ira Kodner surgically removed Wife's sigmoid colon and part of her rectum in December, 1983. Her gynecologist also performed a hysterectomy on Wife on that occasion.

Dr. Kodner diagnosed Wife as having irritable bowel syndrome, a condition marked by either constipation or diarrhea or alternating constipation and diarrhea and sometimes accompanied by cramping and abdominal pain. Wife experienced bowel problems both before and after surgery. In 1984, tests showed Wife had a duodenal ulcer.

In September, 1984, during the pendency of the parties' divorce action, Wife began seeing a psychiatrist, Dr. Jay Liss, who diagnosed her condition as chronic depression with episodes that reach disabling proportions and, in addition, anxiety. Dr. Liss treated her with psychotherapy and medication and has continued to see her regularly since her first visit.

The parties were divorced on May 16, 1985, in a non-contested proceeding. Pursuant to the dissolution decree, Wife was awarded monthly maintenance of $2400. In 1985, Husband's gross income was $100,125. Wife was unemployed at the time of divorce with no outside source of income. By agreement, she received $74,000 plus interest realized from the sale of the parties' home purchased during the marriage.

Twenty months after entry of the dissolution decree, Husband filed a motion to modify the maintenance award. He alleged that since the decree Wife had become employed and he had suffered a reduction in income and earnings that he believed to be permanent.

During the pendency of the motion to modify, Husband remarried. He moved into the house owned by his new wife, and they shared living expenses. She was employed, earning an annual salary of approximately $39,000.

At the hearing on the motion to modify, documentary evidence disclosed that Husband earned $100,123 in 1985; $98,172 in 1986; and $100,882 in 1987. He testified that he expected to earn $94,000 in 1988.

Wife, who had a high school education, contemplated seeking employment at the time of dissolution in May, 1985. In July, 1985, she began work as a part-time fur salesperson at Leppert Roos. She earned $5,505 in 1985; $15,000 in 1986; and $20,189.82 in 1987.

In October, 1987, she entered the Stress Unit at St. Anthony's Medical Center for treatment of depression under the care of Dr. Liss. During this time, Wife continued to have bowel problems. She testified that because of her physical and emotional prob-

lems, she stopped working at Leppert Roos.

Medical opinions as to Wife's employability differed. Dr. Liss was of the opinion that Wife was unable to maintain full-time employment and also unable to function in part-time employment. Dr. Kodner believed that Wife was cured of cancer and able to work at most occupations. Although she might suffer discomfort and inconvenience due to irritable bowel syndrome, Dr. Kodner had never seen this condition cause loss of employment. As to whether irritable bowel syndrome prevented employment, Dr. Kodner stated it did not in 80% of the cases. Dr. Fred W. Gaskin, a psychiatrist that Husband hired to administer a psychiatric examination to Wife, testified that Wife was not clinically depressed. She did, in his opinion, have a Type B personality disorder, most probably, the narcissistic borderline and hysteric-type personality disorder, described as a lifelong chronic maladaptive behavior that in no way impaired the ability to work.

In its Amended Order, the trial court specifically found that there had occurred "a change of circumstances in regard to the employment ability of respondent [Wife], and in regard to a reduction of the income of petitioner [Husband], that together [were] a substantial and continuing change that [made] the Decree of 16 May 1985 unreasonable." It further found that Wife was in good health both physically and mentally, and it specifically disbelieved her evidence regarding her mental health and the testimony of Dr. Jay Liss as to her mental health. Moreover, the trial court also found that her " 'inability' to work [was] a calculated 'inability,' with an eye toward keeping over twenty-eight thousand dollars in maintenance regardless of the amount she could reasonably make as a real estate salesperson, or as a full-time fur salesperson."

On appeal, Wife contends the evidence presented to the trial court failed to establish a change in circumstance so substantial and continuing as to make the terms of the original decree unreasonable.

As in other court-tried cases, we must affirm the judgment of the trial court unless no substantial evidence supports it, unless it is against the weight of the evidence, or unless it erroneously declares or erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *In re Marriage of Turner,* 764 S.W.2d 160, 161 (Mo.App.1989); *Degerinis v. Degerinis,* 724 S.W.2d 717, 719 (Mo.App.1987). The legal standard to modify a decree with regard to maintenance under § 452.370.1 RSMo. (Supp.1989) requires that modification be made "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." The burden of proving substantial change rests with movant. *Magaletta v. Magaletta,* 691 S.W.2d 457, 459 (Mo.App. 1985); *In re Marriage of Marek,* 618 S.W.2d 245, 246 (Mo.App.1981).

■ The trial court justified its modification upon a change of circumstance premised upon the combination of two factors: first, upon a reduction in the income of Husband and second, upon the employment ability of Wife. The trial court found that "together" these constituted a substantial and continuing change that made the dissolution decree of May 1985 unreasonable.

■ We find the first factor, however, unsupported by substantial evidence. Not every change of circumstance will justify modification of a dissolution decree. *In re Marriage of Bell,* 720 S.W.2d 33, 34 (Mo. App.1986). The change of circumstance must be so substantial and continuing as to make the decree unreasonable. *Id.* Here, no substantial evidence of record supports Husband's assertion that he has experienced a permanent reduction in income. While his income did fluctuate from $100,123 in 1985, the year of the parties' divorce, to $98,172 in 1986 to $100,882 in 1987, it underwent no substantial change and, in fact, began to increase. Moreover, beginning in 1987 when he remarried, Husband's expenses declined because he moved into his new wife's residence and began sharing expenses with her. We also note that Husband's testimony at the August, 1988 hearing that his 1988 income was $94,000 is speculative at best. No evidence in the record supports Husband's claim that this figure represents a permanent reduction.

Even assuming, however, the $94,000 figure is accurate, when that income is coupled with his reduced expenses by reason of remarriage, Husband's income has remained substantially unchanged since entry of the 1985 dissolution decree.

Absent evidence to demonstrate a substantial and continuing reduction in Husband's income since the dissolution, the trial court's modification cannot stand. This is because, as a general rule, neither a decrease in Husband's earnings nor an increase in Wife's income alone justifies or requires a modification of the terms of a maintenance award. *Magaletta*, 691 S.W.2d at 459; *Calicott v. Calicott*, 677 S.W.2d 953, 955 (Mo.App.1984). Where as here, a great disparity exists between the yearly income of the parties, even when Wife is working, and the evidence discloses that Husband can meet his own financial needs while continuing to meet his support obligation, modification is unwarranted. *See Magaletta*, 691 S.W.2d at 459. Husband has failed to demonstrate that the terms of the original decree are unreasonable.

Judgment reversed.

CARL R. GAERTNER and STEPHAN, JJ., concur.