**Stephen H. HICKS, Plaintiff–Respondent,**

v.

**Anna R. HICKS, Defendant–Appellant.**

**No. 16692.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 16, 1990.

---

Ben K. Upp, Montgomery, Twibell, Upp & Greene, Springfield, for defendant-appellant.

David L. Smith, Cantwell, Allman & Smith, Branson, for plaintiff-respondent.

PARRISH, Presiding Judge.

This is an appeal from an order modifying an award of maintenance in a dissolution of marriage action. The parties were married in 1972. That marriage was dissolved in 1983. In accordance with the terms of the parties' separation agreement, the decree of dissolution ordered respondent to pay maintenance to appellant in the sum of $600 per month. The maintenance was "to automatically terminate upon the remarriage of Ann or upon her becoming employed ... on a regular, full-time basis, which said full-time regular employment shall be defined to mean working a regular 40 hour schedule per week." Respondent filed his motion to modify the decree "so as to terminate the requirement that he pay monthly maintenance in the amount of SIX HUNDRED DOLLARS ($600.00) per month." Respondent requested that the maintenance be terminated retroactively to the date he had filed his motion to modify.[1]

After conducting a hearing the trial court granted respondent's motion to modify ordering "that the obligation to pay monthly maintenance by STEPHEN H. HICKS to ANNA R. HICKS as ordered in the original Decree of Dissolution of Marriage dated April 18, 1983, is hereby terminated retroactive to ... February 8, 1989, so that STEPHEN H. HICKS shall have no obligation to pay monthly maintenance due March 5, 1989, or thereafter." This court affirms.

Appellant presents one point for appellate review. She contends the trial court erred in terminating the maintenance that respondent was obligated to pay by the terms of the Decree of Dissolution of Marriage because "the evidence adduced failed to establish a change of circumstance so substantial and continuing in nature as to make the terms of the original Decree of Dissolution of Marriage unreasonable." Appellant argues that the trial court's decision "is not supported by substantial evidence and is against the weight of the evidence."

Appellate review of this case is undertaken pursuant to Rule 73.01(c) in that it was a non-jury case. That rule, as construed in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), requires "that the decree or judgment of the trial court will be

---

1. Appellant filed a counter-motion. It sought modification of the amount of child support awarded in the original decree requesting that child support be increased "to the amount required by the Missouri Child Support Guidelines." The counter-motion also sought an order for respondent to pay for the child's medical care (including medical and hospitalization insurance), and for respondent to pay appellant's attorney fees, suit money and court costs. The trial court granted the counter-motion with respect to child support and ordered a modest increase. It also ordered respondent to pay $750 to be applied toward payment of appellant's attorney fees. The trial court's action on the counter-motion was not appealed.

sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32.

The parties made no request that the trial court make specific findings of fact. Rule 73.01(a)(2). None were made. The trial court declared that the evidence showed a substantial and continuing change of circumstances that now make the terms of the original decree by which maintenance was ordered payable to appellant unreasonable. That declaration is consistent with § 452.370.1, RSMo Supp.1988, that provides, in pertinent part, "[e]xcept as otherwise provided in subsection 6 of section 452.325, the provisions of any decree respecting maintenance ... may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." [2]

If the determination by the trial court is supported upon any reasonable theory by the law and the evidence, this court must affirm. *Watkins v. Johnson,* 606 S.W.2d 493, 495 (Mo.App.1980); *Snadon v. Gayer,* 566 S.W.2d 483, 491–92 (Mo.App.1978). Insofar as the testimony is conflicting, this court must accord deference to the trial court's findings based upon credibility. *Id.* at 491.

Appellant was employed at a retail store owned by her mother. That was the same employment that appellant had at the time of the dissolution of her marriage to respondent. She testified that she worked there 15 hours per week. She stated that she chose not to work full-time in order to be available to spend time with her daughter. The daughter's date of birth is November 14, 1977. Appellant acknowledged that she was capable of working at a 40 hour per week job. She acknowledged that she has not looked for a full-time job since the dissolution because, as she testified with respect to her daughter, "I want to give her all the attention that I can give her. She is my first priority."

Appellant is also self-employed. She testified that she is a "wholesaler." Appellant buys ladies' handbags and sells them to retail establishments for resale. The time appellant spends working in her wholesale business varies. Some days she spends "a couple of hours." On others, none at all. The business is seasonal. She also "go[es] to market" three or four times a year to select fabric samples for use in manufacturing the handbags. Appellant contracts for the manufacture of the handbags she sells. Appellant estimated that she averages spending five to ten hours a week "at the most," working in her wholesale business. Her first year in that business was 1988. She had a net loss of approximately $9,000 for the year; however, her gross sales were over $40,000 for that year.

Appellant lives in Springfield, Missouri. Although that is the area in which her wholesale business sells to retail outlets, appellant has never sought full-time employment with any of the customers with whom she comes in contact. Appellant was previously engaged in another business which she began after the dissolution of her marriage. She owned a childrenswear store with two other persons. During the time she was engaged in that business, she worked there one day a week. She also went on buying trips.

Although appellant spends time taking her daughter to and from school and to and from other activities, she acknowledged that if she were employed in a full-time job she could make arrangements for her daughter to stay with someone else during the hours appellant would be working. She acknowledged that other transportation arrangements could be made for her daughter.

Appellant received an Associate of Arts Degree from Drury College. Her area of study was home economics. She stated

---

**2.** § 452.325.6, RSMo 1986, provides that a decree may expressly preclude or limit modification of terms set forth in the decree, "[e]xcept for terms concerning the support, custody or visitation of children," if so provided by the separation agreement. That limitation on modification is not applicable to the facts of this case.

that is interior design at Drury, but that it is a home economics degree. Appellant's adjusted gross income for 1986, 1987 and 1988, according to copies of her income tax returns admitted in evidence, was $20,398 for 1986, $16,202 for 1987, and $10,472 for 1988. The adjusted gross income for each year included interest income, dividend income, capital gains and alimony received.[3] In 1988, a business loss in the amount of $9,877 was included in the calculation by which appellant's adjusted gross income was determined.

 A former spouse receiving maintenance is under a continuing duty to exert reasonable efforts to attain self-sufficiency and will not be permitted to benefit from inaction. *Markowski v. Markowski*, 736 S.W.2d 463, 466 (Mo.App.1987). Under the circumstances of this case, the trial court may have believed appellant was acting in bad faith in making no effort to secure full-time employment during the six years that lapsed between the date the marriage was dissolved and the date the trial court entered its order modifying the decree of dissolution by terminating maintenance. Appellant acknowledged that she had the ability to maintain full-time employment and that she could make arrangements to provide for the care of her daughter during times of employment. The trial court could have determined, from the evidence presented, that appellant was able to support herself through appropriate employment. It could have concluded that the conduct of appellant constituted passive acceptance of support although she was educated and physically unimpaired from seeking and obtaining full-time employment, that this occurred over an extended time following entry of the dissolution decree without appellant making significant efforts to become self-sufficient, thereby constituting a changed circumstance justifying modification of the decree of dissolution by terminating maintenance. Such a determi-

nation is supported by the law and the evidence before the trial court.[4] It is a reasonable theory upon which the trial court's determination could have been based. *Watkins v. Johnson, supra; Snadon v. Gayer, supra.* The trial court did not abuse its discretion in ordering maintenance terminated retroactive to the date appellant was served with summons in the modification proceeding. Appellant's point on appeal is denied. The judgment of the trial court is affirmed.

HOGAN and SHRUM, JJ., concur.

---

3. The alimony that appellant's tax returns showed as being received was $4,800 in 1986, $4,800 in 1987, and $6,000 in 1988.

4. Failure, without good cause, to seek and obtain employment so as not to satisfy the expecta-

tion of attaining self-supporting status has been held, as a matter of law, to constitute a changed circumstance that justifies modification of a support decree. *Markowski v. Markowski,* 736 S.W.2d 463, 466 (Mo.App.1987).