**Mary F. HALLIDAY f/k/a Mary Boland, Petitioner–Respondent,**

v.

**John J. BOLAND, Respondent–Appellant.**

No. 58963.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 4, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 1991.

Application to Transfer Denied
Sept. 10, 1991.

Edward C. Vancil and John M. Cichelero, Edward C. Vancil & Associates, Inc., Clayton, for respondent-appellant.

Leonard J. Frankel, Guilfoil, Petzall & Shoemake, St. Louis, for petitioner-respondent.

CRANE, Judge.

Former husband appeals from the order of the trial court denying his motion to modify a decree of dissolution in which he sought to terminate maintenance payments. We affirm.

John J. Boland and Mary F. Halliday were married for six years, from April 22, 1975 until July 9, 1981, at which time the marriage was dissolved. No children were born of the marriage, however Mr. Boland, a widower, had seven children and Ms. Halliday had four children from her previous marriage. Ms. Halliday did not work outside the home during her marriage to Mr. Boland or during her previous marriage. She had one year of college education. At the time of the dissolution of her marriage to Mr. Boland, she was forty-

five years old and had two minor children living with her. The dissolution decree incorporated a separation agreement executed by the parties which provided in part:

...in light of Wife's expressed desire to seek experience or training to equip her for gainful employment, that it is reasonable for and Husband agrees to pay to Wife maintenance as follows:

A. $2,500 per month for a period of twelve months, commencing July 1, 1981 and ending June 30, 1982;

B. $2,000 per month for a period of twelve months, commencing July 1, 1982 and ending June 30, 1983;

C. $1,500 per month commencing on July 1, 1983 and continuing thereafter. Said maintenance payment shall continue until the first to occur:

A. Wife's remarriage;

B. The death of either party;

C. The amount and/or period of time is modified by the Court.

Nine months after the dissolution, Ms. Halliday began full-time employment as a sales clerk. Since 1986, she has been employed as a receptionist in a doctors' office, earning approximately $17,000 per year. In May, 1989, Mr. Boland filed his motion to modify the decree seeking termination of his obligation to pay maintenance. After discovery and a hearing, the trial court denied the motion, finding that Ms. Halliday's reasonable expenses are approximately $3,000 per month, that Mr. Boland's annual income had increased from $155,000 to $350,000 and that Mr. Boland could easily meet his own needs while continuing to contribute to Ms. Halliday's maintenance and assist her in paying attorney's fees. The trial court rejected the testimony of Mr. Boland's expert witness that Ms. Halliday could earn more had she sought proper professional counseling at the time of the decree and concluded that no change of circumstances had occurred which was so substantial and continuing that would make the original decree unreasonable. This appeal followed.

■ For his first point Mr. Boland argues that the trial court's order was erroneous because he offered uncontroverted evidence that Ms. Halliday had failed to seek training or experience or achieve self-sufficiency as required by the decree or by case law. The controlling statute is § 452.-370 RSMo (Supp.1988) which provides, in part, that "any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." The burden of proving substantial change lies with the movant. *Mendelsohn v. Mendelsohn,* 787 S.W.2d 321, 323 (Mo.App.1990). Review of the trial court's ruling on a motion to modify is limited to whether it is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Id.*

The record before the trial court indicates that Ms. Halliday has been almost continually engaged in full-time employment since the dissolution of her marriage. The decree did not require her to obtain training or experience or to become self-sufficient, nor did it provide that maintenance would terminate upon employment or self-sufficiency. Instead the decree provided for a decreasing amount of maintenance in view of Ms. Halliday's expressed desire to become gainfully employed. The decrease in the amount was agreed to as reasonable because the parties foresaw that Ms. Halliday would, with training or experience, be able to contribute increasing amounts to her own support. This did come about and Ms. Halliday is now earning $17,000 per year.

■ Likewise, no case requires a former spouse to become self-sufficient. The rule is that a former spouse receiving maintenance "is under a continuing duty to exert reasonable efforts to attain self-sufficiency and will not be permitted to benefit from inaction." *Hicks v. Hicks,* 798 S.W.2d 524, 527 (Mo.App.1990). Here, the record before the trial court sufficiently demonstrates that Ms. Halliday made such reasonable efforts by working full time, by periodically seeking new positions which promised either better experience or better pay, and by obtaining computer skills which she used in her current position.

■ The trial court did not err in finding that Mr. Boland had not made a showing of

changed circumstances so substantial and continuing as to make the terms unreasonable. There are no such changed circumstances. The parties recognized in the decree that Ms. Halliday would become gainfully employed and that maintenance would be decreased according to the schedule in the decree. There was substantial evidence to support the trial court's finding that Ms. Halliday's income was insufficient to meet her reasonable needs. Mr. Boland's income has substantially increased since the decree. Given the great disparity between the parties' respective incomes, and the finding that Mr. Boland can easily meet his own financial needs while continuing to meet the maintenance obligation, modification is unwarranted. *Mendelsohn*, 787 S.W.2d at 324. Point One is denied.

For his second point Mr. Boland contends that the trial court erred in finding that Ms. Halliday's income was insufficient to meet her reasonable needs. The trial court found that Ms. Halliday's reasonable needs were $3,000 per month. She itemized $3,199 per month on her statement of income and expenses. She was extensively examined and cross-examined on these expenses at trial. We have reviewed this testimony and the expenses and find that the trial court's finding that her expenses in the amount of $3,000 per month were reasonable is supported by substantial evidence and is not against the weight of the evidence. Point Two is denied.

For his third point Mr. Boland claims that the trial court abused its discretion by failing to give credibility to husband's expert witness, Dr. Doris Hollander, a psychologist with expertise in women's careers, who testified that Ms. Halliday did not assert reasonable efforts to seek training and experience and, had she done so, she could have substantially increased her earnings. In its Conclusions of Law the trial court found:

1. The Court is not bound by the testimony of expert witnesses and the Court does not believe the testimony of Dr. Dory Hollander to be credible in light of the fact that Petitioner did not seek professional counseling nor was she required by the Court Order of July 9, 1981 to seek this type of professional assistance.

The trial court did not err. Uncontradicted expert testimony is not binding upon the trier of fact. *J.L.P.(H.) v. D.J.P.*, 643 S.W.2d 865, 868 (Mo.App. 1982)[1]. The weight to be given such testimony is for the trier of fact. *Sunset Acres Motel, Inc. v. Jacobs*, 336 S.W.2d 473, 484 (Mo.1960). It is clear that the court did not believe that the hypothetical testimony of the expert was relevant because the decree did not require Ms. Halliday to maximize her potential or to obtain any particular training and experience. The decree, as we have already stated, merely recited that the periodic reduction in maintenance was reasonable because of Ms. Halliday's desire to obtain experience or training to equip her for gainful employment. Point Three is denied.

For his fourth point Mr. Boland contends that the court erroneously applied the law in refusing to modify the decree of dissolution because the duration of maintenance exceeded the length of the marriage. Husband cites no relevant authority for this proposition. Although § 452.335.2(6) RSMo (Supp.1988) lists duration of the marriage as one factor to be used to determine an initial award of maintenance, that section applies only to an initial award of maintenance, and not to a subsequent motion to modify, which is governed by § 452.370 RSMo (Supp.1988). *Crews v. Crews*, 607 S.W.2d 709, 711 (Mo.App.1980). Termination of maintenance is not required solely because the duration of maintenance exceeds the duration of marriage. The trial court did not erroneously apply the law. Point Four is denied.

For his fifth point Mr. Boland claims that the trial court erred in award-

---

1. Although this court held to the contrary in *Phillips v. Union Electric Company*, 350 S.W.2d 432, 437 (Mo.App.1961), this holding, as the discussion in *J.L.P.(H.)* points out, is against the weight of authority. We are not bound by the statement in *Phillips* or subsequent cases quoting it.

ing Ms. Halliday attorney's fees because she did not file a request for such an award prior to trial. Section 452.355 RSMo (Supp. 1988) provides that attorney's fees may be awarded in a proceeding brought under § 452.370. That section is silent on the requisite formalities, however Rule 55.26 allows oral motions if "made during a hearing or trial." *King v. King,* 694 S.W.2d 278, 279 (Mo.App.1985). "Provided the parties are afforded adequate notice and a full opportunity to be heard, the mere fact that a motion for attorney's fees is made orally during the hearing is not grounds for its denial." *Id. See also, Bishop v. Bishop,* 618 S.W.2d 261, 263 (Mo.App.1981).

Ms. Halliday's motion was made at the commencement of the hearing. Prior to the hearing, in compliance with the pretrial order, she had filed her exhibits supporting attorney's fees. Mr. Boland did not object to these exhibits. Mr. Boland was given adequate notice and a full opportunity to be heard on Ms. Halliday's request for attorney's fees. The trial court did not abuse its discretion by awarding attorney's fees. Point Five is denied.

The order of the trial court is affirmed.

REINHARD, P.J., and STEPHAN, J., concur.