Cecil L. BAKER, Petitioner–Appellant,

v.

Ruth I. BAKER, Respondent–Respondent.

No. 58903.

Missouri Court of Appeals, Eastern District, Division Five.

June 28, 1991.

Frank Dougherty Keefe, Ellisville, for petitioner-appellant.

John J. Longos, St. Louis, for respondent-respondent.

CRANDALL, Chief Judge.

Husband appeals from the judgment of the trial court which denied his motion to modify the decree of dissolution relating to maintenance and which awarded wife an increase in maintenance. We affirm.

The eighteen year marriage of the parties was dissolved on December 16, 1980. Husband was ordered to pay wife $750 per month in maintenance. In June 1989, husband filed a motion to modify, alleging a change of circumstances since the decree, because his income had decreased and because wife had realized a substantial sum of money from the sale of the marital residence which she had been awarded in the decree of dissolution. Husband's motion

prayed that wife's maintenance be terminated or decreased retroactively to the date of the filing of his motion.

Wife then filed a motion to modify, alleging a change of circumstances because, since the decree, the cost of supporting herself had increased and her medical condition was such that she was unable to support herself. Wife prayed for an increase in maintenance.

At the hearing on the motions, husband testified that he was 57 years of age and was remarried. He was a self-employed interstate truck driver. He received about $2,400 per month from his trucking business and about $750 per month from a Navy pension. His present wife frequently accompanied him on his routes as a co-driver. Since the decree, he had developed health problems in the form of high blood pressure and diabetes, which were treated with medication and which he admitted did not prevent him from working. Between 1982 and 1989, his adjusted gross income, as reported on his federal income tax return, ranged from a low of approximately $38,000 in 1987 to a high of approximately $58,000 in 1989. His monthly expenses totalled about $2,796. At the time of the hearing, husband was $25,500 in arrears on maintenance payments to wife.

Wife testified that she was 61 years of age. She had high blood pressure as well as back problems, which had required surgery in the past. She was last employed in 1962. She had no educational or vocational skills and had not applied for a job since the dissolution. She had purchased a mobile home from the proceeds generated from the sale of the marital residence and had deposited the remainder of the proceeds in a checking account and a savings account. Her monthly expenses were about $906. Her sole sources of income were the maintenance payments from husband and the interest from her bank accounts.

The trial court issued findings of fact and conclusions of law, finding that there were changed circumstances since the time of the dissolution. It increased wife's maintenance from $750 per month to $840

per month; denied husband's motion to modify; and ordered husband to pay $25,500 in arrearages, plus interest, for a total of $32,151.45. The trial court also ordered husband to pay wife's attorney's fees.

In his first point, husband asserts that the trial court erred in denying his motion to modify his maintenance obligation to wife. He argues that wife's total failure to seek employment and thereby become self-sufficient warranted either a termination of maintenance or a reduction in the amount of the maintenance.

■ In support of his position, husband relies on *Markowski v. Markowski,* 736 S.W.2d 463 (Mo.App.1987). In that case, the trial court terminated maintenance seven years after the dissolution based on the wife's failure to make a good faith effort to seek gainful employment. The trial court determined that the wife, who had advanced college degrees and had been employed as teacher and museum curator prior to the ten-year marriage, was able to support herself. *Id.* at 464–465. In addition, the court pointed out that "there was no proof of any mitigating condition or circumstance justifying the wife's failure to seek or acquire any gainful employment." *Id.* at 465. The holding in *Markowski* is that a spouse's failure to make an effort to be self-supporting may form the basis for a modification, but does not mandate a modification.

Husband also relies on *Hicks v. Hicks,* 798 S.W.2d 524 (Mo.App.1990). In that case, the trial court terminated maintenance to the wife, who had worked only part-time since the dissolution, because she had not made significant efforts to become self-sufficient. The wife acknowledged that she was capable of working full-time and that she could arrange for child care. *Id.* at 526. The trial court determined that the wife was able to support herself through appropriate employment, because "she was educated and physically unim-paired from seeking and obtaining full-time employment." *Id.* at 527.

■ The *Markowski* and *Hicks* cases are not determinative of the issue before us and can be distinguished from the present case. Here, wife was 61 years of age and in poor physical health. She had not been employed for about 28 years. Her monthly expenses exceeded her income and she had limited financial resources. Compared to the wife in *Markowski,* wife had few marketable job skills and minimal work experience. In contrast to the wife's testimony in *Hicks,* wife testified that her poor health precluded her from working. In the instant action, there were mitigating circumstances which justified wife's failure to seek and acquire employment. There was substantial evidence to support the trial court's refusal either to terminate or to decrease husband's maintenance obligation to wife. The trial court did not abuse its discretion in denying husband's motion to modify. Husband's first point is denied.

■ In his second point, husband contends that the trial court erred in increasing the amount of maintenance to wife, again focusing on her failure to seek employment. In addressing this point, we are guided by the same principles enunciated under Point I. In view of the above discussion regarding the propriety of the trial court's denial of husband's motion to modify, we find that there was substantial evidence to support the increase in the award of maintenance to wife. The trial court did not abuse its discretion in increasing the decretal award of maintenance. Husband's second point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.