George S. FOWLER, Jr., Respondent,

v.

Carole St. Mard FOWLER, Appellant.

No. ED 76059.

Missouri Court of Appeals,
Eastern District,
Division One.

April 25, 2000.

Rehearing Denied July 5, 2000.

**2**

Daniel P. Card II, Alan E. Freed, Paule, Camazine & Blumenthal, P.C., St. Louis, for appellant.

Charles P. Todt, Cheryl A. Zopp, The Todt Law Firm, P.C., St. Louis, for Respondent.

GARY M. GAERTNER, Presiding Judge

Appellant, Carole St. Mard Fowler, ("wife"), appeals from the Circuit Court of St. Louis County's judgment granting respondent, George S. Fowler, Jr.'s, ("husband"), motion to modify their original decree of dissolution of marriage. We reverse in part and affirm in part.

The approximately twenty-five-year marriage of wife and husband was dis-

solved on January 16, 1991. Under the decree of dissolution, which had the parties' property settlement and separation agreement incorporated into it, husband had agreed to pay wife maintenance of $1,200 per week and had agreed to maintain a life insurance policy with a death benefit of $750,000 for the benefit of wife and husband's five children.[1] The insurance policy or its equivalent, was to be owned and administered in a trust known as the "Irrevocable Family Insurance Trust Agreement of [Husband], Dated 1–16–91."

On February 5, 1996, husband filed a motion to modify. Husband's motion requested the court to terminate maintenance or in the alternative to reduce maintenance and to eliminate the life insurance requirement.

On March 11, 1997, the trial was held before a Commissioner on husband's motion to modify. Husband testified that he was employed by Fowler Loose Leaf Stationery Company ("Fowler Loose Leaf"), which he purchased from his mother approximately 25 years prior to the trial. Husband testified his income at the time of the entry of the decree of dissolution was approximately $4,300 per week. He testified he had reduced this income to $3,300 per week in January 1995, and again reduced it to $2,300 per week in October 1996. Further, husband testified his weekly salary was to be reduced again the week of the trial to $1,500 per week. Husband and the accountant for Fowler Loose Leaf testified there were declines in sales for Fowler Loose Leaf beginning in 1993 and for every year since. Husband and accountant both testified that husband controlled the amount of salary paid to him, the usage of charge cards by the company and that husband provides the information to accountant as to which expenses on the charge cards are for business and which are personal.

---

1. Four children were of the marriage of husband and wife. The fifth child was husband's child not of the marriage of husband and wife.

Husband further testified he receives $2,000 per month in rental payments from Fowler Loose Leaf for the building he and his current wife own. Husband also receives $792 per month from a trust fund. Husband presented no evidence regarding the life insurance provisions in his case.

Wife testified she was 61 years old at the time of trial, had one year of college in 1956. The last time wife was employed was in 1975 at Fowler Lease Leaf where she was paid approximately $80–100 per week. She testified she has not received any job training since college. Wife testified she owns a house and a cottage valued at respectively, $285,000 and $90,000. Further wife testified that the cottage brings in rental income of $4,600 annually but expenses for the cottage are approximately $12,700 per year.

At the close of the evidence, wife's counsel made an oral motion under Rule 73.01 for judgment in her favor on the grounds that under the law and the facts adduced, husband was not entitled to relief. Commissioner denied the motion as to termination of the maintenance obligation but sustained the motion as it pertained to the termination of the life insurance obligation. Wife filed a timely request for findings of facts.

On April 8, 1997, Commissioner entered his "judgment." In finding for husband, Commissioner found "a change in circumstances so substantial and continuing as to make the terms [of the decree of dissolution] concerning maintenance unreasonable" and ordered husband's obligation to pay maintenance terminated. Commissioner further found husband no longer had an obligation to maintain the life insurance as specified in the parties' separation agreement.[2] This "judgment" of April 8, 1997 failed to include any findings of fact.

On April 29, 1997, wife filed a motion for rehearing or in the alternative a motion to amend or for new trial requesting inter alia that the court render a judgment accompanied by findings of fact and conclusions of law.

On June 12, 1997, Commissioner issued an "Amended Judgment/Order" which included findings of fact and conclusions of law. Commissioner found husband's personal income had decreased. Further, Commissioner found wife's expenses had decreased, and wife is "able bodied and capable of becoming gainfully employed and has rental income that combined would be adequate to meet her demonstrated need." Commissioner also found "it would be reasonable but, not necessary, for [wife] to seek professional license education and training to begin a career in real estate for example, that requires no more than six months to accomplish."

Further, Commissioner found:

"... with regard to the maintenance of life insurance [husband] was under an obligation to create an Irrevocable Insurance Trust pursuant to the Decree of Dissolution that provided for life insurance benefits naming [wife] and the parties' children as beneficiaries. Thereby raising the issue as to modification of the Decree regarding life insurance as to whether [husband] has created an Irrevocable Life Insurance trust or not. The evidence does not address the existence or non-existence of such a trust. In addition, the Decree of Dissolution left [wife] with a remedy of law by indicating that [wife] has recourse against the Estate of [husband] in the event he failed to perform as directed. Therefore, the court finds that pursuant to the Decree, specifically paragraph 6, [husband] was ordered to establish an irrevocable insurance trust and the maintenance of life insurance outside of such a trust would be modifiable."

On June 25, 1997, wife filed a second motion to amend or for a new trial. On July 21, 1997, Commissioner heard and

---

**2.** Thereby reversing his earlier ruling as to the life insurance obligation.

denied the motion. On July 30, 1997, wife filed her notice of appeal to this court.

On January 9, 1998, the Honorable Melvyn W. Wiesman, entered a judgment and order adopting Commissioner's prior judgment.

On July 31, 1998, this court issued its opinion, but then transferred the case to the Missouri Supreme Court under Rule 83.02. On February 9, 1999, the Supreme Court dismissed wife's appeal on the grounds that the judgment was not final in that wife's motion for rehearing under Section 487.030 RSMo (1994) and Rule 127.05 was still pending. *Fowler v. Fowler,* 984 S.W.2d 508 (Mo.banc 1999).

On February 25, 1999, wife filed in the circuit court, a motion for review of the record, for oral argument as part of the court's consideration of [wife's] motion for rehearing and determination of whether to adopt and confirm Commissioner's recommendations. On April 9, 1999, oral argument on wife's motions was held before Judge Wiesman.

On April 13, 1999, the trial court entered an order sustaining the motion for review of the record but "to the extent required by Section 487.030 RSMo and denied to the extent it requires review of law beyond that required by Section 487.030 RSMo." The court further denied wife's motion for rehearing and adopted and confirmed the Commissioners findings and recommendation as entered on April 8, 1997, and amended on June 12, 1997.

On April 21, 1999, wife filed her timely notice of appeal. Wife raises four points on appeal.

Our disposition of wife's second and third points on appeal render her first point moot. Therefore we decline to address it.

In her second point on appeal, wife alleges the trial court erred in granting husband's motion to modify with regard to terminating wife's maintenance in that the findings under same were not supported by competent and substantial evidence. We agree.

■ In a court-tried case, we must affirm the judgment unless no substantial evidence supports it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The standard to modify a divorce decree with regard to maintenance under section 452.370 requires modification will be made "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." *Mendelsohn v. Mendelsohn,* 787 S.W.2d 321, 323 (Mo.App. E.D.1990). Movant bears the burden of proving substantial change. *Id.*

■ Neither a decrease in husband's earnings nor an increase in wife's income alone justifies or requires a modification of the terms of a maintenance award. *Id.* at 324. Where a great disparity exists between the yearly income of the parties and the evidence discloses that husband can meet his own financial needs while continuing to meet his support obligation, modification is unwarranted. *Id.* Further, a spouse's failure to make an effort to be self-supporting may form the basis for a modification, but does not mandate a modification. *Baker v. Baker,* 811 S.W.2d 65, 67 (Mo.App. E.D.1991).

According to wife, under the trial court's findings of fact, husband's maintenance obligation was terminated due to six factors: 1) Wife could be employed; 2) Wife could earn more than minimum wage and could work 35 hours per week; 3) Wife had failed to seek employment; 4) Wife's income from her rentals combined with her income from employment could provide her with sufficient funds to support herself; 5) Wife is possessed of sufficient property to provide her reasonable needs; and 6) Husband's income had decreased.

■ Husband and the accountant of his company, Fowler Loose Leaf, both testified that husband's salary had decreased

since the divorce, however both testified this was at the complete discretion of husband. Further, there was evidence that company paid whichever of husband's expenses that husband chose, including husband's car, insurance, racquet club expenses, his new wife's car insurance and at least one third of his and his new wife's expenses on recent trips to Europe, Asia and the Middle East. Further, husband testified his new wife was employed. This evidence illustrates husband is able to meet his own financial obligations while continuing to meet his support obligation albeit at a reduced sum.

As for wife's ability to work, wife was last employed in 1975 by Fowler Loose Leaf. She has not received any job training since college in 1956. Further, wife at the time of trial was 61 and had dedicated her earlier years to raising the couple's children. There was no evidence presented as to what type of work wife could perform nor at what hourly rate she would be paid, beyond speculation by the trial court.

Husband and wife presented evidence that wife no longer owed $2,300 per month on her mortgage, however, that was the only evidence of a decrease in wife's expenses. As for other income sources, the trial court speculated wife could rent her summer cottage to help provide herself with sufficient funds to support herself, however evidence at trial indicated wife had received only $4,600 in income from the cottage in the summer of 1996 but had spent $12,700 to maintain the cottage that year.

We found no case with similar facts which mandated termination of maintenance, nor does the evidence presented compel us to that conclusion. There was, however sufficient evidence to modify. This court, pursuant to 84.14, therefore reverses the portion of the judgment terminating maintenance, but reduces the amount of maintenance to $2,500[3] per

month. See also *Crawford v. Crawford,* 986 S.W.2d 525, 529 (Mo.App. W.D.1999).

In her third point, wife alleges the trial court erred in terminating husband's obligation to maintain life insurance. We agree.

We again refer to *Murphy v. Carron,* 536 S.W.2d at 32, and its well-known standard for our review; we must affirm the judgment in a court-tried case unless no substantial evidence supports it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law.

■ In husband's motion to modify he alleged, "The cost of the life insurance pursuant to paragraph 6.1 is prohibitive, inequitable, and unnecessary." At trial there was no evidence presented as to the cost of the insurance, whether a policy was maintained outside of the irrevocable trust husband was to establish under paragraph 6.1 of the divorce decree, whether that trust was established nor whether the provisions of paragraph 6.1 were modifiable. Further, at the close of the evidence, the trial court found for wife as to the termination of the life insurance obligation on the grounds that under the law and facts adduced, husband was not entitled to relief. The trial court's later reversal of this ruling is unexplained and unfounded by the facts. We find nothing in the record to support the termination. We therefore reverse the trial court's termination of husband's obligation to maintain life insurance.

In her final point on appeal, wife alleges the trial court erred in not awarding wife her attorney's fees. We disagree.

■ An award of attorney's fees is within the trial court's discretion and will not be overturned unless the aggrieved party shows an abuse of discretion. *Beeler v. Beeler,* 820 S.W.2d 657, 661 (Mo.App.

---

3. Wife was receiving approximately $4800 per month, we reduced this by $2300, the amount her expenses were reduced.

W.D.1991). An allegation that the other spouse has greater assets and was the one who initiated the action is not sufficient in of itself. *Id.* Wife did not demonstrate that the trial court abused its discretion, therefore we deny her point.

Based on the foregoing, the judgment is reversed in part and affirmed in part.

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.