

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| **ANNE MARIE ALMUTTAR,**<br><br>    **Respondent,**<br><br>**v.**<br><br>**WASIF FADEL MOHAMMED ALMUTTAR,**<br><br>    **Appellant.** | **WD78267**<br><br>**OPINION FILED:**<br><br>**JANUARY 12, 2016** |

**Appeal from the Circuit Court of Nodaway County, Missouri**
**The Honorable Joel Andrew Miller, Judge**

**Before Division One: Anthony Rex Gabbert, P.J., Victor C. Howard, and Cynthia Martin,**

**JJ.**

Wasif Almuttar appeals the trial court's judgment modifying a dissolution decree as to the amount of maintenance paid to his ex-wife, Anne Almuttar. On appeal, Wasif contends that the trial court erred in failing to terminate his maintenance obligation to his ex-wife in that this obligation should have been terminated because Anne failed to make a good faith effort to achieve financial independence within a reasonable time after dissolution of the marriage. He therefore contends that the court's failure to terminate his maintenance obligation was against the weight of the evidence. We disagree.

**Facts & Background**

Wasif and Anne Almuttar were divorced in 1994. Under the original dissolution decree, Wasif was obliged to pay Anne $2,800.00 per month in periodic modifiable spousal maintenance. In 1998, Wasif filed and was granted a motion to modify the dissolution decree as to child support and maintenance. Anne subsequently appealed that ruling to this Court and we found that the trial court had improperly reduced and eliminated the maintenance requirement prospectively. As such, Wasif's maintenance obligation has remained $2,800.00 per month until this date. In 2014, Wasif filed a new motion to modify seeking to terminate his maintenance obligation to Anne.

Anne, now 63 years old, is a registered nurse whose license to practice nursing in Missouri is still valid and active. However, Anne has not worked steadily since 2010 when she had a back surgery that resulted in a permanent lifting restriction of 20 pounds. Anne testified that she did not believe any hospital or doctor's office would hire her to work as a nurse with her 20-pound lifting restriction, although she admitted that she had not inquired into any new employment opportunities that might allow her to work despite the restriction.

Anne made no claim in the current motion hearing that her expenses have changed since the previous motion to modify hearing. At this hearing, she testified that she has received Social Security Disability benefits in the amount of $806.92 per month since sometime in 2012. Although Anne is qualified to receive additional Social Security benefits, she has not applied for them. Should she apply, the court found that she would be eligible to receive somewhere between $1,100.00 and $1,200.00 per month ($312.10 in addition to the $806.92 disability payments she already receives). Anne also testified that she currently lives rent-free in the prior marital home which has no loans or debts owed upon it. She has approximately $22,000.00 in a

2

mutual fund or brokerage account and her reasonable monthly expenses were found to be $4,114.00. Anne further testified that for the past two or three years, she has been commuting from her home in Maryville to the Kansas City area three times per week to provide childcare for her grandchildren. She does not receive any money for this service other than occasional gas money from her children.

Wasif, now 65 years old, testified that he fully retired from his former practice as an anesthesiologist in 2013. He has no intention of practicing medicine in the future and has given up his professional liability insurance. The trial court found that Wasif's retirement was authentic and was not merely a voluntary effort to reduce his income. He presently has no monthly income other than Social Security income of approximately $2,100.00 to $2,200.00 per month. The trial court found that Wasif's various retirement accounts and liquid cash assets are in excess of $1,300,000.00, including proceeds from the sale of his home in Maryville, Missouri. Wasif indicated that his retirement accounts were invested in stocks and bonds with no defined benefit and stated that he expects a 1-2 percent annual gain on average from these accounts.[1] He testified that his reasonable monthly expenses are $2,140.00, and that any future maintenance payments would have to come from his social security, his savings, and from his retirement accounts.

Following presentation of the above evidence, the trial court made several findings of fact. First, the court found that, since 2010, Anne has failed to make a good faith effort to seek employment and to work toward financial independence within a reasonable time. The court also found that although Anne is qualified for Social Security benefits, she has not applied for

---

[1] 1% per year of $1.21 million = $12,100 annually or $1,008.33 per month. 2% per year of $1.21 million = $24,200 annually or $2,016.66 per month.

them. However, the court additionally found that Anne does not have sufficient monthly income to meet her reasonable needs without the receipt of some maintenance from Wasif. The court's findings concluded with a determination that Anne was "too old to be reasonably expected to be re-educated in a new field by which to support herself if, in fact, there are no less physically strenuous jobs for nurses that do not require lifting over 20 pounds."

In light of these findings, the court determined that there had been a substantial and continuing change of circumstances such that the previous maintenance obligation of $2,800.00 per month was no longer reasonable. Accordingly, the court modified Wasif's maintenance obligation to $1,750.00 per month in periodic modifiable spousal maintenance. Wasif now appeals, arguing that his maintenance obligation should have been terminated entirely rather than merely reduced.

**Standard of Review**

Upon review, we will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Markowski v. Markowski*, 736 S.W.2d 463, 465 (Mo. App. W.D. 1987) (internal citation omitted). We give deference to the trial court's judgment on the credibility of witnesses and the weight given to opposing opinion evidence. *Id.* at 465. "The trial court is given considerable discretion as to the allowance and the amount of maintenance payments, and it is the appellant's burden on appeal to demonstrate an abuse of that discretion." *Haynes v. Almuttar*, 25 S.W.3d 667, 671 (Mo. App. W.D. 2000). "We view the evidence in the light most favorable to the decree, disregarding contrary evidence and deferring to the trial court even if the evidence could support a different conclusion." *Hileman v. Hileman*, 909 S.W.2d 675, 679 (Mo. App. E.D. 1995). "If the determination by the trial court is supported upon any reasonable theory by

4

the law and the evidence, this court must affirm." *Hicks v. Hicks*, 798 S.W.2d 524, 526 (Mo. App. S.D. 1990) (internal citation omitted). *See also Hileman*, 909 S.W.2d at 679 ("We will interfere with the trial court's award of maintenance only if the award is patently unwarranted or wholly beyond the means of the payor spouse.").

## Analysis

Wasif's sole point on appeal contends that the trial court erred in decreasing his maintenance obligation rather than terminating it entirely. He argues that this decision was against the weight of the evidence, which demonstrated that Anne failed to make a good faith effort to achieve financial independence within a reasonable time. Although he is correct in stating that Anne failed in her duty to seek and obtain employment to achieve financial independence within a reasonable time, Wasif's argument ignores the fact that the trial court has broad discretion to modify *or* terminate maintenance awards so long as such decisions are based upon a reasonable theory and substantial evidence presented. We therefore affirm the trial court's decision to modify Wasif's maintenance award.

Section 452.370.1, RSMo 2000, authorizes a court to modify maintenance "only upon a showing of changed circumstances so substantial and continuing as to make the terms [of the original decree] unreasonable." Section 452.370.1 further provides that

> the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits, and the earning capacity of a party who is not employed.

Missouri courts have held that "substantial changed circumstances" warranting modification or termination of a maintenance award include the failure of the recipient spouse to make reasonable efforts to obtain employment and become self-supporting after the divorce. *See*, *e.g.*,

5

*Markowski v. Markowski*, 736 S.W.2d 463, 465-66 (Mo. App. W.D. 1987); *Hileman v. Hileman*, 909 S.W.2d 675, 679-80 (Mo. App. E.D. 1995); *Hicks v. Hicks*, 798 S.W.2d 524, 527 (Mo. App. S.D. 1990). However, should the recipient spouse fail to seek or obtain employment following the divorce, that party may show good cause as to why he or she should not be required to seek employment in order to avoid a termination of the maintenance award. *See Markowski*, 736 S.W.2d at 466. The burden to prove a change in circumstances warranting maintenance modification rests upon the party seeking a modification. *See Hopkins v. Hopkins*, 449 S.W.3d 793, 798 (Mo. App. W.D. 2014).

In the present case, the evidence before the trial court was that Anne is a registered nurse who has maintained her certification. At the time of trial, she had chosen not to seek employment since 2010 because she did not think she could get another nursing position that would accommodate her 20-pound lifting limitation. In contrast, Wasif testified that "the nursing field was wide open" in that there are many nursing jobs which do not require physically lifting patients, such as in a mental health setting, in an office or administrative setting, or working in a patient advising role.

Apart from the testimony of the two parties, there was no evidence presented that any doctor's office or hospital *would* hire Anne with her lifting restriction; neither was there any evidence that a doctor's office or hospital *would not* hire her. There was no evidence presented regarding how much she could earn with her lifting restriction, nor any evidence that she could meet her reasonable expenses through part-time work following the termination of maintenance payments to her. In fact, the only evidence regarding whether Anne was or was not employable as a nurse with her lifting restriction was the conflicting testimony of the two parties. Where a court's decision is based upon a credibility determination, we must give deference to that

6

determination, as well as to the weight given by the court to contrasting opinion evidence. *Markowski*, 736 S.W.2d at 465.

In addition to the above, the evidence before the trial court showed that Anne's reasonable monthly expenses could not be met without the receipt of some maintenance. Relatedly, the evidence demonstrated that, although he is now retired and his monthly income is greatly reduced from what it was pre-retirement, Wasif's expected annual income from his retirement accounts is sufficient to pay his own reasonable monthly expenses while also providing some amount of maintenance to Anne. We have noted that the payor spouse's ability to pay is an important consideration in determining whether reduction of maintenance is appropriate, and the trial court correctly considered Wasif's ability in making its final determination. *See Laffey v. Laffey*, 72 S.W.3d 143, 148 (Mo. App. W.D. 2002).

Based upon the facts presented, the trial court agreed with Wasif that Anne's failure to seek other employment constituted a failure of her duty to become self-supporting. It also noted that Anne was eligible for additional Social Security benefits that could supplement her monthly income. The court determined that these facts constituted a change in circumstances justifying some reduction in Anne's maintenance award. However, as required by Section 452.370.1, the trial court also considered the financial resources and expenses of both parties before concluding that Anne was still entitled to some lesser amount of maintenance. The court expressly found that Anne did not have sufficient income to meet her reasonable needs without the receipt of some maintenance, and that she was "too old to be reasonably expected to be re-educated in a new field by which to support herself if, in fact, there [were] no less physically strenuous jobs for nurses that [did] not require lifting over 20 pounds." In effect, the court found that Wasif *did* meet his burden to establish a substantial change in circumstances requiring modification of his

7

maintenance obligation, but he *did not* establish that this change in circumstances warranted complete termination of his maintenance obligation.

The court's decision to decrease rather than to terminate Wasif's maintenance obligation was within its broad discretion to determine the amount, modification, and termination of maintenance awards. *See Markowski*, 736 S.W.2d at 465; *Hileman v. Hileman*, 909 S.W.2d 675, 679 (Mo. App. E.D. 1995). In determining the credibility of the two parties and weighing the evidence presented regarding their respective financial resources, the court concluded that there was a changed circumstance justifying modification of the support decree, and the court decreased Anne's monthly maintenance award accordingly. These factual findings and determinations, supported as they are by the evidence presented, must be given deference. *Hicks v. Hicks*, 798 S.W.2d 524, 526 (Mo. App. S.D. 1990). *See also Hopkins v. Hopkins*, 449 S.W.3d 793, 802 (Mo. App. W.D. 2014) ("A claim that . . . the judgment is against the weight of the evidence necessarily involves review of the trial court's factual determinations. . . . [And] In reviewing questions of fact, the appellate court defers to the trial court's assessment of the evidence if any facts relevant to an issue are contested.") (internal citations omitted).

**Conclusion**

Upon reviewing the facts and findings made in this case, it cannot be said that there was no reasonable theory by the law and the evidence that would support the trial court's decision. Because the trial court's decision was premised upon the evidence presented and can be justified under a reasonable theory, we find that the trial court did not abuse its discretion in ordering Wasif's maintenance obligation to be decreased rather than terminated altogether. Appellant's point on appeal is denied. The judgment of the trial court is affirmed.

8

_____
Anthony Rex Gabbert, Judge

All concur.