George R. HILTON, Appellant,

v.

Lola Fay HILTON, Respondent.

No. 44170.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 16, 1982.

John L. Harlan, St. Louis, for appellant.

Mason W. Klippel, Clayton, for respondent.

CRIST, Judge.

Appeal from a judgment of contempt and a judgment denying a motion to modify maintenance obligations. Husband has purged himself of the contempt. Husband had been ordered to pay $300.00 per month to wife for maintenance in a January 18, 1980, dissolution decree. We affirm.

At the time of the dissolution in January of 1980, the court found husband's regular net pay per week to be approximately $250.00. This income was comprised in part from his employment at Chrysler and in part from his work as a real estate agent. Although unemployed at the time of the hearing in January of 1981, husband was receiving $269.00 per week for unemployment and trade adjustment benefits. In addition to this, he was receiving $150.00 per month for the rental of his Lake Arrowhead property. This property had an equity of between $13,000.00 and $16,000.00. The larger figure is based on the court's findings of fact at the time of dissolution, and the smaller figure is the one advanced by the appellant in his brief before us now.

Husband challenges the denial of his motion to modify the $300.00 per month maintenance payment to wife. We defer to the ruling of the trial court. Wife suffers from both physical and emotional problems and is unable to work outside of the home. Modifications are allowed only upon a showing of changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable. *Seelig v. Seelig,* 540 S.W.2d 142, 144–145 (Mo.App.1976). At the time of the hearing, there was no such change in circumstances as to show an abuse of discretion on the part of the trial court in its denial of husband's motion. Therefore, the denial of husband's motion to modify the maintenance decree is affirmed.

CRANDALL, P.J., and REINHARD, J., concur.