**David W. GROMMET,
Petitioner-Appellant,**

**v.**

**Mary Lavern GROMMET,
Respondent-Respondent.**

**No. 49213.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 6, 1985.

Motion for Rehearing and/or Transfer
Denied Oct. 3, 1985.

Application to Transfer Denied
Nov. 21, 1985.

Theodore S. Schechter, Clayton, for petitioner-appellant.

Robert S. Moss, St. Louis, for respondent-respondent.

PUDLOWSKI, Presiding Judge.

This appeal arises from an order entered on July 18, 1984 on appellant's Motion to Modify a dissolution decree. Appellant sought to have the maintenance award of $300 per month terminated. The trial court reduced the award to $150 per month. We affirm.

The marriage of appellant, David W. Grommet, and respondent, Mary Lavern Grommet, was dissolved on June 5, 1975. The decree of dissolution provided that respondent was to receive $400 per month in maintenance until June 1978, and thereafter receive $300 per month. On August 11, 1983, appellant filed a Motion to Modify the dissolution decree, praying for termination of maintenance to respondent, on the basis that there had been a substantial and continuing change of circumstances.

Specifically, appellant argued that respondent's income had increased substantially so that she was able to support herself through her employment.

On July 18, 1984, the trial court entered an order reducing respondent's maintenance award to $150 per month. Appellant filed a Motion to Amend Judgment or for New Trial. The motion was overruled. This appeal follows.

■ Our review of the modification order is limited to whether it is supported by substantial evidence, whether it is against the weight of the evidence, or whether it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ In reviewing the judgment below, we note that an increase in the wife's income alone does not require a modification of the terms of the award. *Early v. Early*, 659 S.W.2d 321, 323 (Mo.App.1983). To prevail on a Motion to Modify, appellant has the burden to show changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable. *Hilton v. Hilton*, 642 S.W.2d 401, 402 (Mo.App.1982); § 452.370 RSMo.

In the case at bar, the trial court found such a change. The evidence showed that respondent's gross income increased from $3,300 per year from the time of the dissolution to $13,583 for the year ending 1983. However, respondent's total expenses per month also increased to $1,163. Thus, respondent's income barely exceeded her expenses and this result has only been achieved as a result of respondent renting two rooms in her home. Additionally, appellant's income has also risen substantially. Appellant's income in 1977 was $19,300. His income for 1983 was $30,999.

■ Under the standards set out above and in light of the facts that respondent's income barely exceeds her expenses and that appellant's income has increased, we cannot say that failure to reduce the award below $150 was error.

Judgment affirmed.

CARL R. GAERTNER, J., concurs.

KAROHL, J., dissents in separate opinion.

KAROHL, Judge, dissenting.

I respectfully dissent. The majority opinion correctly observes that the trial court must have found changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable. *Hilton v. Hilton*, 642 S.W.2d 401, 402 (Mo.App.1982). In my view the order modifying and reducing maintenance from $300.00 a month to $150.00 a month rather than terminating the maintenance is against the weight of the evidence and I would reverse and terminate the maintenance.

Respondent wife was fifty-four years of age at the time of the modification in 1984. By reference to her evidence only the record discloses that she receives gross earnings of $14,483 per year; rent of $4,200 per year and interest of $350.00 per year for a total of more than $19,000 a year. By her figures the wage deductions of $2,800 per year are more than ample to pay her taxes. By subtraction her net income after taxes exceeds $16,000 per year or $1,333 per month. Since the dissolution in 1975 she has accumulated $4,500 in an IRA account and $3,000 in a savings account, $1,500 of which was the recovery for a damage claim. She claimed $1,163 in monthly expenses. However, in her testimony it is clear that this figure is overstated by $260.00 per month because her claimed medical expenses are gross of health insurance and home repair expenses were not actual expenses. As a result her net income exceeds her stated expenses by $400.00 per month. She acknowledged a monthly wage withholding resulting in $80.00 per month savings. This issue is best summarized by the following testimony in which she candidly admitted to the trial court that she could support herself:

Q. Now considering all those other things you don't have on here when you take into account your income tax refunds, your actual rent, your income,

your dividends, your car allowance, and your overtime, you make more than enough to pay $1163.00 a month in expenses; do you not?

A. Right.

Q. What if any expenses that you have are paid for by anybody other than yourself?

A. None.

Not only does the former wife admit that she is self-supporting the evidence proves that to be true. Accordingly, she is no longer unable to support herself through appropriate employment. She is not the custodian of an unemancipated child. By the standard established in § 452.335 RSMo 1978 she no longer qualifies for maintenance. Not only is it the policy of the court to encourage self-sufficiency, *Doerflinger v. Doerflinger*, 646 S.W.2d 798, 800 (Mo. banc 1983), it is the will of the legislature as expressed in § 452.335.-2(2), RSMo 1978. "Justice does not require provision of support to a spouse who is or may be prepared to become self-supporting." *Doerflinger*, 646 S.W.2d at 800.