**Elizabeth MARKOWSKI (Now Morrow), Appellant,**

v.

**Herman F. MARKOWSKI, Respondent.**

**No. WD 39064.**

Missouri Court of Appeals, Western District.

July 21, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 1987.

Application to Transfer Denied Oct. 13, 1987.

Elizabeth Markowski, pro se.

Barton S. Blond, Kansas City, Mo., for respondent.

Before CLARK, C.J., and NUGENT and LOWENSTEIN, JJ.

CLARK, Chief Judge.

This is an appeal by the wife from an order sustaining the husband's motion to modify a dissolution decree as to maintenance and child support. The primary issue is whether the husband's evidence established a change in circumstances so substantial and continuing as to make the terms of the original decree unreasonable.

The parties were married in 1970 and were divorced by a decree entered December 17, 1979 in a default proceeding instituted by the wife. Custody of two children, aged 10 and 7 as of the date of hearing on the motion, was awarded to the wife. She was also allowed $400.00 per month per child as support and an additional $400.00 per month maintenance. The decree did not value the marital property but it did divide the assets. The decree recited the husband's income to be $41,444.00 a year as of that date.

The husband's motion to modify was heard November 26, 1986. According to his evidence, his employment remained the same as it was when the original decree was entered, except that he had taken an optional assignment to work on a ship at sea from six to eight months a year. Without this extra work, which the husband seeks to discontinue, his gross monthly salary is $3308.00. The bonus pay, including allowances for night duty at sea, amounts to $1400.00 a month. The husband is now remarried and lives in Florida.

There was no claim made by the wife in the motion hearing that her expenses or those of the children had changed since the dissolution decree was entered. She testified that she was living rent-free in a home her parents owned and that they also furnished her an automobile. She did complain that she had always been short of funds since the dissolution and had borrowed money, including loans from her husband, respondent here.

The evidence at the motion hearing focused primarily on the wife's efforts or, more accurately, her failure to make an effort since the divorce to contribute to her own support. Prior to the marriage, the wife had obtained advanced college degrees and had employment as a teacher and as a museum curator. She was not employed outside the home during the marriage. After the divorce, apparently in 1980, the wife commenced a business which engaged in the activity of providing educational displays to shopping malls, schools and public buildings. No financial records for the business except income tax returns were

produced or made available, and the tax returns were only for the years 1982, 1983 and 1984. Each return showed a loss for the business. In the most recent year, 1984, the return showed receipts of $57,-510.00 and a loss of $12,416.00 after expenses. The wife was unable to account for the expenses with any particularity.

There was no evidence the wife had made any serious or continuing efforts from 1979 to the date of the hearing to obtain any gainful employment. As of the date of the hearing, she testified that she was no longer active in the educational display business and doubted that the business could ever be profitable. She did not indicate that she was considering any other business venture or that she had sought or would seek any employment. There was no evidence or claim suggestive of any physical limitation which impaired the wife's ability to work.

On the principal issue of maintenance, the court found that the wife was able to support herself through appropriate employment and ordered the maintenance terminated. The court also reduced the child support from $400.00 per month per child to $325.00 per month per child. The elimination of maintenance and reduction in child support are treated in the briefs as a common subject as though adjustment of one amount necessarily required adjustment of the other. The record does indicate that the only claim by the husband and the only disputed issue was the obligation by the wife to make some contribution in providing income. Neither party contended that the needs of the wife or the children had changed and no evidence was offered on this subject. As the following discussion will indicate, the subjects of child support and maintenance are not susceptible of a common disposition, but must be considered separately.

As to the elimination of maintenance, the wife contends in three points that the trial court erred because the decision was not supported by competent and substantial evidence. She says there was no proof of changed circumstances in that the husband's ability to pay was at least as good,

if not improved, compared to his earnings on the date the decree was entered, and there was no evidence of any decrease in her needs or those of the children. In the absence of proof that circumstances have substantially changed, she argues that there is no basis under the statute for the court to order a modification of the support which the decree ordered.

The wife's argument ignores or discounts the significance of the proof that during the seven years following the divorce, she has developed no source of income to contribute anything toward her own support. Evidence on that subject was virtually uncontested and there was no proof of any mitigating condition or circumstance justifying the wife's failure to seek or acquire any gainful employment. The issue, therefore, is whether the passive acceptance of support by an educated and physically unimpaired spouse over an extended time following entry of a dissolution decree without significant efforts by the spouse to become wholly or partially self-sufficient is a changed circumstance justifying modification of a decree for maintenance.

■ Our review of the modification order is limited to determining whether it is supported by substantial evidence; whether it is against the weight of the evidence or whether it erroneously declares or applies the law. *Grommet v. Grommet*, 699 S.W.2d 37, 38 (Mo.App.1985). Deference is given to the trial court's coign of vantage to judge credibility to witnesses and the weight given opinion evidence. *Hoffmann v. Hoffmann*, 676 S.W.2d 817, 826 (Mo. banc 1984). The statute gives the trial court considerable discretion as to the allowance and the amount of maintenance payments and it is the appellant's burden on appeal to demonstrate an abuse of that discretion. *Salcedo v. Salcedo*, 693 S.W.2d 875, 878 (Mo.App.1985).

The findings made by the trial court in this case include the determination that the wife is able to support herself and to provide for her reasonable needs through appropriate employment. That finding, supported as it is by substantial evidence,

must be given deference. The only question is whether, as a matter of law, the failure by the wife to have satisfied the expectation of achieving a self-supporting status by failure to seek and obtain employment without good cause is a changed circumstance justifying modification of a support decree. We conclude that it is.

■ As the court stated in *Doerflinger v. Doerflinger,* 646 S.W.2d 798, 800 (Mo. banc 1983), the statute indicates dependency of a spouse is not presumed but self-sufficiency is to be encouraged. Justice does not require provision of support to a spouse who is or may be prepared to become self-supporting. The failure of the supported spouse to make a good faith effort to seek employment and achieve financial independence within a reasonable time may form the basis for modification of a maintenance award. 27B C.J.S. *Divorce* § 406, at p. 308 (1986). Other states have recognized the duty upon a supported spouse to aid in the relief of the burden to the extent available and reasonable in the circumstances. *Saromines v. Saromines,* 3 Haw.App. 20, 641 P.2d 1342, 1348 (1982), holds that the spouse receiving maintenance is under a continuing duty to exert reasonable efforts to attain self-sufficiency and will not be permitted to benefit from inaction. So, too, in *In Re Marriage of Mittra,* 114 Ill.App.3d 627, 71 Ill.Dec. 350, 355, 450 N.E.2d 1229, 1234 (1983), the court recognizes this affirmative obligation to seek employment and the basis for a modification order where the supported spouse fails to make good faith efforts within a reasonable time. It is to be noted that the duty of a supported spouse receiving maintenance under a marriage dissolution decree is to expend the effort at attaining support from earned income and not necessarily to succeed.

■ In this case, it is the wife's burden on appeal to demonstrate that the trial court abused its discretion when it ordered termination of maintenance based on the failure of appellant to make a good faith effort to aid in providing for her own support. Having in view the evidence of appellant's educational credentials, her previous work experience as a teacher and a museum curator and her failure during a period of seven years to earn any income at all while at the same time continuing to pursue a losing business enterprise, we conclude that the trial court did not abuse its discretion in deciding that a change in circumstances justified termination of maintenance payments.

The matter of child support, however, stands on different ground. As was noted above, no evidence was offered by respondent to show any decrease in the financial needs of the children and no actual resources available for their support beyond those which existed at the time the decree was entered. The duty of appellant to expend efforts at attaining self-sufficiency for herself and a failure to meet that obligation is not a tangible resource of benefit to the children unless and until some income materializes. For obvious, practical reasons, the childrens' needs must be evaluated in terms of current disposable income, not on expectations. The same reasons which support an adjustment in maintenance to a lethargic spouse do not constitute changed circumstances upon which a reduction in child support may be ordered.

The only facts in evidence here upon which a reduction in child support could have been based, apart from appellant's failure to earn any income, was respondent's desire to reduce his onerous work schedule and the need to spend so many months at sea on an aircraft carrier. In *Forhan v. Forhan,* 693 S.W.2d 164 (Mo. App.1985), the court dealt with a situation in which the husband's income had actually declined, but because of a change in occupation of his own choosing. It was there held that earning capacity is the appropriate measure for assessing the child support obligation. *Id.* at 165. The court may impute income according to the capacity to earn.

■ In the present case, respondent's income had not declined and, for all that appears, would not in the future decline unless respondent himself elected to discontinue the work at sea. In the absence of proof that a decrease in income has occurred and that the reduction in pay was

not due to an unreasonable or inexcusable voluntary act on the part of the obligated party and of a continuing nature, there is no basis on this account to modify child support. The capacity of respondent to pay was not shown by the evidence to have changed and therefore the court was not entitled to order a reduction in support based on respondent's earnings. Because such was the only colorable basis for the order, it follows that the court erred in reducing support from $400.00 per month per child to $325.00.

The judgment modifying the dissolution decree to discontinue payment of maintenance is affirmed. The judgment reducing child support is reversed and the cause is remanded with direction that child support in the amount of $400.00 per month per child be reinstated. Costs on appeal are apportioned equally between the parties.

All concur.