**Allen M. OLDFIELD,**
**Petitioner–Respondent,**

**v.**

**Nancy Lee OLDFIELD,**
**Respondent–Appellant.**

**No. 55097.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 28, 1989.

John E. Reaban Jr., St. Louis, for respondent-appellant.

Robert D. Blitz, Mary Jill Wehmer, Nelson Lewis Mitten, Clayton, for petitioner-respondent.

1. *See Oldfield v. Oldfield,* 666 S.W.2d 17 (Mo. App.1984) and *Oldfield v. Oldfield,* 688 S.W.2d 778 (Mo.App.1985) for prior appeals involving the parties.

CRANDALL, Presiding Judge.

Wife appeals from the judgment of the trial court overruling her motion to modify a decree of dissolution of marriage relating to child support and sustaining husband's motion to modify maintenance. We affirm.

The marriage of the parties was dissolved on October 19, 1982. Wife was awarded custody of the only child, a daughter, and husband was ordered to pay $700 a month in child support. In addition, husband was ordered to pay wife $2,000 per month in maintenance and $770 per month for the mortgage payment on the marital home where wife and daughter continued to reside. Husband's yearly gross salary and wages at the time of dissolution were $156,000. Wife did not work outside of the home and, consequently, received no income.

Husband filed a motion to modify the maintenance portion of the dissolution decree on August 2, 1985.[1] Husband alleged a change of circumstances since the decree in that wife had become employed, and husband's salary and wages had decreased. Husband's motion prayed that wife's maintenance be terminated or decreased retroactively to the date of the filing of his motion.

Wife filed a motion to modify the child support order on April 14, 1987. She alleged a change in circumstances in that the daughter was now enrolled in college with attendant costs. Wife prayed for an increase in child support retroactive to the date of filing.

A hearing was held on both motions on June 6, 1988. Husband testified that his gross income and wages had decreased to $96,000 in 1987 due in large part to the decline in profits of the corporation where he was employed and in which he held 45 percent of the stock. There was evidence in the record that the decline in profits of the corporation had been continuous from the date of the original decree. He also testified that he had incurred substantial

personal debt due to increased living expenses and an increase in the marital debts allocated to him in the decree. He admitted not paying any child support or maintenance since January 1987. Wife testified that she earned $18,000 as a secretary in 1987, but had voluntarily quit her job in March 1988. The daughter became 21 years of age the weekend before the hearing.

The trial court terminated father's child support obligation and reduced wife's maintenance from $2,000 per month to $500 per month. The court made the maintenance reduction retroactive to June 1, 1986, thereby finding that mother owed father $21,-300. Husband was ordered to pay wife's attorneys fees of $1,783.

In her first point wife argues that the trial court erred in sustaining husband's motion to modify and decreasing the amount of maintenance she received from $2,000 to $500 per month. Wife asserts that husband failed to show changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable.

Our review of the modification order is limited to determining whether it is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Markowski v. Markowski*, 736 S.W.2d 463, 465 (Mo.App. 1987). In court tried cases where no findings of fact have been issued, we consider all fact issues as having been found in accordance with the result reached. Rule 73.01(a)(2).

■ At the time of the dissolution, wife, who was earning no income, was granted $24,000 a year maintenance ($2,000 × 12). Wife's income increased steadily after the divorce. There was evidence that she earned $18,000 in 1987 working as a secretary. The trial court ordered husband to pay $6,000 a year maintenance ($500 × 12). Assuming wife earns $18,000 per year and receives $6,000 maintenance, she will be receiving a total of $24,000 annual income —the same amount as under the original decree.

■ The fact that wife quit her job on March 31, 1988, does not prevent the trial court from imputing income to her of $18,-000 per year. Because wife is receiving maintenance, she is under a continuing duty to exert reasonable efforts to attain self-sufficiency and will not be permitted to benefit from inaction. *Markowski*, 736 S.W.2d at 466, citing *Saromines v. Saromines*, 641 P.2d 1342, 1348 (1982). The court may have believed wife was acting in bad faith in voluntarily quitting her employment. Wife asserted that she quit her job because of poor health and to further her education. There was evidence in the record that wife's "health problem" was a tennis elbow and her "education" consisted of a single night school course which she had been attending while she was employed. We also note that wife quit her job about two months from the date of hearing on these motions.

There was also evidence of a substantial change in husband's circumstances. Since the time of the original decree, his income had decreased while his expenses had increased. The mortgage payment on wife's residence, which he is obligated to pay, had also increased.

■ The decision to make a maintenance modification retroactive is within the sound discretion of the trial court. *Reif v. Reif*, 750 S.W.2d 521, 521–522 (Mo.App. 1988). Wife testified that she earned $17,-129 in 1986 and $18,000 in 1987. As previously stated, it was at this point when her salary plus $6,000 a year maintenance would put her in an equivalent financial position as under the original decree. The trial court did not abuse its discretion in reducing maintenance retroactive to June 1, 1986. Point one is denied.

■ In her second point, wife argues that the trial court erred in overruling her motion to modify child support from $700 per month to $1,400 per month. She alleges that her daughter leaving home and entering college was a substantial change in circumstances which justified an increase in child support retroactive to the date of filing. Section 452.370.1, RSMo (1986) requires the trial court to consider

the income of both parties. In this case, wife's income has increased while husband's income has decreased. Further, it was within the trial court's discretion to reject wife's testimony concerning the necessity of an increase in child support, *Lyles v. Lyles*, 710 S.W.2d 440, 443 (Mo. App.1986), particularly when daughter had become emancipated prior to the hearing. Point two is denied.

The judgment of the trial court is affirmed.

CRIST and KAROHL, JJ., concur.