Janet Irene SCHOOLCRAFT,
Respondent,

v.

John SCHOOLCRAFT, Appellant.

No. 64489.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 8, 1994.

Harry D. Williams, Columbia, for appellant.

John Robert O'Connor, Union, for respondent.

CRIST, Judge.

John Schoolcraft (Husband) appeals the trial court's judgment denying his motion to reduce or terminate his maintenance obligation to Janet Irene Schoolcraft (Wife). We affirm.

Husband and Wife were divorced on November 3, 1981, after over twenty years of marriage. The parties provided in their separation agreement that the court would decide the issues of maintenance, child support and attorney's fees. The court ordered Husband to pay Wife maintenance of $1,000 per month. At this time, Wife was employed at Apollo Fireworks Outlet (Apollo) earning $4.25 per hour. The number of hours Wife was able to work at Apollo depended on the season. Husband was employed in a managerial position and was earning over $5,000 per month.

In October of 1990, Husband filed a motion to modify or terminate his maintenance obligation. A hearing was held on March 26, 1991. At this hearing, Wife testified she was still employed at Apollo and was earning $5.70 per hour, but the number of hours she worked still varied from summer to winter. Husband testified he had previously been earning a salary of $7,700 per month, but since taking early retirement on November 1, 1990, his income had been reduced to $2,519 per month.

On February 24, 1992, the trial court entered an order denying Husband's motion to modify or terminate maintenance finding Husband had failed to show a change in circumstances so substantial and continuous as to make the maintenance award unreasonable.

On March 11, 1992, Husband filed a motion for a rehearing or a new trial. Husband alleged, subsequent to the court's hearing but prior to its ruling, Wife had voluntarily left her job at the Apollo, sold the marital home, and moved to a smaller home. Husband argued these events constituted a substantial and continuing change in circumstances and therefore, either a rehearing or a new trial was necessary.

On April 21, 1992, the court heard additional testimony from the parties concerning these changes. Wife testified she left her job when employer told her she would have to work alone on weekend nights. She testified she felt unsafe being in the store alone at night. Wife also stated she had sold the marital home and moved into a smaller home to save money and to move away from Husband.

On June 19, 1992, the court entered the following order:

> After consideration of the evidence adduced on 4/21/92 and the cases cited by counsel, the Court holds that Respondent

John Schoolcraft has failed to show change of conditions so substantial and continuous as to justify a modification of the decree.

On July 2, Husband filed a Notice of Appeal. On April 13, 1993, this court remanded the case back to the trial court because it had failed to rule on Wife's countermotion to increase the amount of maintenance. On June 10, 1993, the trial court entered an order denying both parties' motions to modify. Husband now appeals from this decision. *Schoolcraft v. Schoolcraft*, 851 S.W.2d 91 (Mo.App.1993).

On appeal, Husband alleges the trial court erred in denying his motion to modify or terminate maintenance because: (1) it erroneously viewed his early retirement as an automatic bar to a maintenance reduction or termination, (2) it failed to consider Wife's duty to make reasonable efforts to become self-sufficient, and (3) it failed to consider the parties' separation agreement in which he alleges the parties agreed his retirement would constitute a substantial and continuing change in conditions.

■ We will reverse the trial court's denial of a motion to modify maintenance only when its decision is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or misapplies the law. *Fulp v. Fulp*, 808 S.W.2d 421, 423[2] (Mo.App.1991).

■ First, Husband alleges the trial court's decision should be reversed because it erroneously read *Hughes v. Hughes*, 761 S.W.2d 274 (Mo.App.1988), as mandating the denial of a motion to modify where the party making the motion has taken early retirement. Husband fails to cite to any portion of the court's order which indicates this was the basis for its decision. Rather, the court's original findings issued on February 24, explicitly state the court considered all relevant factors including: Husband's voluntary retirement, Husband's annual income prior to retirement, Husband's income producing capabilities, and Wife's salary increases since the dissolution. We find no error in this consideration. *See, Id.* at 276[3] (holding the trial court properly considered the husband's past, present and potential ability to pay

maintenance as ordered in the decree); *See also, Leslie v. Leslie*, 827 S.W.2d 180, 183[7] (Mo. banc 1992) (finding a voluntary loss of employment is not a substantial and continuing change in circumstances even where it is induced by rumors of impending layoffs).

■ Second, Husband alleges the court failed to consider Wife's duty to make reasonable efforts to become self-sufficient. In support of this argument, Husband cites *Markowski v. Markowski*, 736 S.W.2d 463, 466[2] (Mo.App.1987). Yet, the facts of the *Markowski* case differ greatly from the facts of this case. In *Markowski*, the court found termination of the wife's maintenance was justified in view of her educational credentials, her previous work experience as a teacher and museum curator, and her failure to earn any income in seven years. *Id.* at 466[3].

Here, Wife was employed at a fireworks outlet from the time of the divorce until she left voluntarily when her employer told her she would have to work alone in the roadside store at night. Since leaving this job, Wife has taken a part-time job with another fireworks retailer. Wife testified this job may be temporary and it does not provide insurance benefits, but she is continuing to look for a full-time position which provides insurance benefits. Further, Wife voluntarily sold the marital home and moved to a less expensive home. This evidence establishes Wife has made reasonable efforts to become self-sufficient.

■ Further, the object of maintenance is to assist the spouse who is unable to be self-supporting through appropriate employment. *Schofer v. Schofer*, 780 S.W.2d 69, 71[3] (Mo. App.1989). Here, Wife has a part-time job and is looking for a full-time position. Yet, at the present time, she is unable to support herself through her employment. *See, Id.* Point denied.

■ In his third point, Husband appears to argue the court failed to consider the terms and effect of the separation agreement which he argues shows the parties agreed Husband's retirement would constitute a substantial and continuing change in conditions. Husband cites the following language from

the separation agreement to support this argument:

> Respondent is to retain all his rights, title and interest in his pension plans and his profit sharing plans with both St. Joe Minerals and Meramac Mining Company, and further Petitioner agrees to relinquish any rights, title or interest she may have in said plans.

Yet, this language does not say anything about maintenance modification, voluntary retirement, or a substantial and continuing change in conditions. Rather, on the issue of maintenance, the separation agreement states only:

> It is the intent of the parties that this Stipulation and Agreement cover only the matters herein contained and that the issues of child support, maintenance and Petitioner's attorney's fees and costs of court be submitted to this Court for judgment and decree.

This separation agreement was incorporated into the divorce decree which ordered Husband to pay maintenance of $1,000 per month. Nothing in the separation agreement indicates the parties agreed Husband's retirement would automatically constitute a substantial and continuing change in conditions.

Further, when the provisions for maintenance are incorporated into the dissolution decree, they are modifiable by the court. *Cates v. Cates,* 819 S.W.2d 731, 737[8] (Mo. banc 1991). Section 452.370, RSMo Supp.1993, provides the maintenance portion of the degree can be modified only upon a showing of changed circumstances so substantial as to make the original terms unreasonable. The trial court's order finding Husband failed to make such a showing was supported by substantial evidence and did not erroneously declare or misapply the law. *See, Fulp,* 808 S.W.2d at 423[2]. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.