**Dean ZIMMERMAN, Appellant,**

v.

**Geraldine ZIMMERMAN, Respondent.**

**No. 67059.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 19, 1995.

Michael B. Stern, St. Louis, for appellant.

Paule, Camazine & Blumentahl, Daniel P. Card, II & James Brian Ashwell, St. Louis, for Respondent.

KAROHL, Judge.

Dean Zimmerman (Husband) claims the trial court erred on three points: failure to terminate his maintenance obligation; failure to order a retroactive reduction in maintenance; and, awarding attorney's fees amounting to $220 to Geraldine Zimmerman (Wife). We affirm.

Husband and Wife dissolved a thirty year marriage in 1987. Husband was ordered to pay Wife $450 per month for maintenance. The marital property division provided for Wife to receive half of Husband's pension plan, valued at the time of the divorce. In February, 1993, Husband moved to terminate maintenance. The court ordered maintenance reduced to $250 per month; attorney's fees of $220 awarded to Wife and payment of maintenance arrearage, in the amount of $8,100 by Husband.

Husband had worked at the Defense Mapping Agency, where he earned $46,084 in 1992. He retired at age 58, complaining of stress since a reduction in the work force increased his work load. He also complained of ulcers and colon problems. Husband ceased paying maintenance in January, 1993. Husband has remarried. Husband will receive a pension of $26,376, subject to cost of living increases, for the remainder of his life.

Wife, age 58, had worked outside the home for three years during the thirty year marriage. At the time of the dissolution, in 1987, she was attending school to work in a physician's office. She obtained employment in a

physician's office at $5 per hour, but quit due to stress. She then obtained employment at Wal–Mart, where she now earns $6 per hour and is scheduled about 35 hours per week. About 90% of the time she works on Sundays, earning time and a half. In 1993, Wife earned $11,200. Wal–Mart rotates her assignments to avoid stress. At Husband's retirement, Wife became eligible for her distribution of Husband's pension as provided in the original property division.

■■■ We review under *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.1976):

> [T]he decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is "against the weight of the evidence" with caution and with a firm belief that the decree or judgment is wrong.

■■■ In his first point Husband argues the court erred in failing to terminate his maintenance to wife. Husband alleges Wife would have been self-supporting had she remained in her position in the physician's office. Husband relies on *Markowski v. Markowski,* 736 S.W.2d 463 (Mo.App.1987). *Markowski* finds:

> The failure of the supported spouse to make a good faith effort to seek employment and achieve financial independence within a reasonable time may form the basis for modification of a maintenance award.
>
> *     *     *     *     *     *
>
> [T]he spouse receiving maintenance is under a continuing duty to exert reasonable efforts to attain self-sufficiency and will not be permitted to benefit from inaction.
>
> *     *     *     *     *     *
>
> It is to be noted that the duty of a supported spouse receiving maintenance under a marriage dissolution decree is to expend the effort at attaining support from earned income and not necessarily to succeed.

*Id.* at 466. Husband presented no evidence to the trial court to support a finding Wife could have been self-supporting if she had remained at the physician's office except Wife's testimony she "possibly" would have been self-supporting if she had remained. Wife testified she had to quit the physician's office due to stress, but found employment at Wal–Mart where her hours and pay have steadily increased. Thus, Wife has met the *Markowski* requirement by making an effort to earn her own support. Husband also argues he is sole support of his new wife and her son as grounds for termination of maintenance. "Husband's increase in expenses due to his remarriage is not a ground for modification." *Crowley v. Crowley,* 838 S.W.2d 95, 96 (Mo.App.E.D.1992) (*citing Moseley v. Moseley,* 744 S.W.2d 874, 877[5] (Mo.App. 1988)). Finally, Husband argues Wife has managed to save approximately $15,000 of the pension distributed to her.

> Section 452.370.1, RSMo 1986 authorizes a court to modify maintenance only upon a showing of changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable. Orders affecting the distribution of marital property are not modifiable. § 452.330.4 RSMo 1986. The reduction in maintenance, dollar for dollar in the amount of the pension benefit, had the effect of impermissibly amending the division of marital property.
>
> *     *     *     *     *     *
>
> While it is correct that, upon valuation and division of a pension plan, the trial court may take the sum of the pension into account in reducing an amount of maintenance awarded in an original dissolution proceeding, the law is well settled that a spouse is not required to consume his or her apportioned share of marital property in order to be entitled to an award of maintenance. Nor is a spouse required to consume an apportioned share of marital property in order to be entitled to retain an award of maintenance. (Citations omitted).

*Leslie v. Leslie,* 827 S.W.2d 180, 182–183 (Mo. banc 1992). Wife received half of Husband's pension in the original property settlement. Upon Husband's retirement, the government distributed the pension to her in monthly installments beginning July, 1993, and ending September, 1994. The court did not err by failing to terminate maintenance based on a distribution of marital property. Neither was the court required to find a continuing change due to the temporary nature of the distribution. Wife was not required to deplete her marital property to retain her maintenance award. Point One denied.

In his second point, Husband claims the court erred by failing to order a retroactive reduction in maintenance.

Husband also contends that the trial court erred in failing to order that the modification be retroactive to the date he filed his motion to modify. The retroactivity of a modification of maintenance is a matter within the sound discretion of the trial court. *Dimmitt v. Dimmitt,* 849 S.W.2d 218, 221 (Mo.App.S.D.1993); *Beeler v. Beeler,* 820 S.W.2d 657, 663 (Mo.App. W.D.1991); *Oldfield v. Oldfield,* 767 S.W.2d 134, 136 (Mo.App.E.D.1989). *Reese v. Reese,* 885 S.W.2d 39, 41 (Mo.App. S.D.1994). Disregarding the dissolution court's order, Husband ceased maintenance payments in January, 1993. The court was within its discretion to order his payment of the arrearage. Point Two denied.

In his third point, Husband claims the court erred in ordering him to pay Wife's attorney's fees in the amount of $220. Section 452.355.1 RSMo 1994 provides in pertinent part: "The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding ... and for attorney's fees." Husband argues he has no assets and wife has assets of about $15,000 which she received in the pension division. The statute provides for the court to consider financial resources. The court is not limited to a comparison of assets. The court heard evidence Wife received $15,755 as her total share of the division of the pension. As his share of the pension Husband received $26,376 per year, subject to cost of living increases, for the remainder of his life. The court did not err in awarding attorney's fees to wife. Point Three denied.

Judgment affirmed.

REINHARD, P.J., and WHITE, Special J., concur.