**Margaret Rose CORRIER, Petitioner/Respondent,**

v.

**Jeffrey Albert CORRIER, Respondent/Appellant.**

**No. ED 81779.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 5, 2003.

Merle L. Silverstein, Clayton, MO, for appellant.

Susan M. Hais, Clayton, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

In this dissolution of marriage case, Jeffrey Corrier ("husband") appeals the order of the trial court overruling his motion to modify the divorce decree concerning maintenance. We affirm.

On February 9, 2000, the family court entered a judgment of legal separation of the marriage of Jeffrey Corrier and Margaret Corrier ("wife"). The judgment incorporated a separation agreement dated February 4, 2000. The trial court subsequently entered a judgment converting the legal separation to a judgment of dissolution of marriage. The parties have one child, a daughter, who was five years old at the time of the dissolution. The child previously underwent a successful surgery and chemotherapy regimen to remove a brain tumor. The separation agreement, which was incorporated into both the legal separation and the dissolution decree, provided that husband pay wife modifiable, periodic maintenance of $2,200 per month. The agreement also stated that, "[t]he entry of their minor child into first grade and her good health and ability to attend school on a regular basis shall constitute a change of circumstances which *may* (but not *shall*) justify a modification." (*emphasis in original*).

On August 30, 2001, husband filed a motion to modify maintenance. The motion stated that because the child was entering the first grade and was in good health, it was reasonable and appropriate that wife obtain full-time employment and become self-supporting. On May 21, 2002, the trial court overruled husband's motion and entered its findings of fact and conclusions of law. The trial court found that the child had entered the first grade and was in good health. However, the court also found that the child had certain learning issues requiring significant supervision. This supervision could be provided either by wife, who has learned specialized skills to tutor and supervise her daughter, or by a specially trained tutor, who would charge from $35 to $130 per hour. The court found that wife could earn a salary of between $20,000 and $50,000. The trial court, therefore, found, "the cost of professional supervision for [the child] would offset economic gain from [wife's] employment." Because the prior maintenance amount continued to be reasonable, husband's motion was overruled. Husband filed a motion to amend judgment or grant a new trial. The motion was heard and denied. Husband appeals.

Husband raises two points on appeal. The points, which are substantially similar, allege that the trial court erred in overrul-

ing the motion to modify maintenance despite finding that: (1) the wife was capable of being self-supporting, (2) a substantial and continuing change in circumstances had occurred since the decree, and (3) mother's daily attention to the child was not required. Additionally, husband contends that the cost of professional supervision for the child, if required, should be considered in the determination of child support, and is irrelevant in determining maintenance.

■ Wife responds by arguing that under section 452.370.1 RSMo (2000) [1], maintenance may be modified "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Noting the high cost of professional supervision and the learning difficulties of the child, wife claims that it would be unreasonable to require her to seek employment. Therefore, wife contends that maintenance should not be modified.

■ Our review of a judgment modifying a decree of dissolution is limited to a determination of whether it is supported by substantial evidence, whether it is against the weight of the evidence or whether it erroneously declares or applies the law. *Martino v. Martino*, 33 S.W.3d 582, 584 (Mo.App.2000). We give deference to the trial court's greater opportunity to judge the credibility of witnesses and the weight given opinion evidence. *Markowski v. Markowski*, 736 S.W.2d 463, 465 (Mo.App.1987). The trial court is given considerable discretion regarding the amount of maintenance awarded, and husband must show an abuse of that discretion. *Adams v. Adams*, 51 S.W.3d 541, 546 (Mo.App.2001). An abuse of discretion occurs where the trial court's determination is so arbitrary and unreasonable that

it shocks the sense of justice and indicates lack of careful consideration. *Id.* In its determination of a modified amount of maintenance, the trial court may, but is not required to, consider factors enumerated in section 452.335, just as if the court was awarding original maintenance. *Brooks v. Brooks*, 957 S.W.2d 783, 786 (Mo.App.1997).

■ The issue before the trial court was whether wife's reliance on continued maintenance was the result of a general reluctance to secure employment, or if such dependence resulted from a genuine dedication to full-time employment caring for her child. The former would call for a modification of maintenance. *See McDaniel v. McDaniel*, 982 S.W.2d 729, 733 (Mo. App.1998); *Ansley v. Ansley*, 15 S.W.3d 28, 32–34 (Mo.App.2000). The latter would not. *See Vehlewald v. Vehlewald*, 853 S.W.2d 944, 952–953 (Mo.App.1993); *In re Marriage of Prenavo*, 556 S.W.2d 463, 467 (Mo.App.1977). In the present case, the trial court's determination in this regard falls within its broad discretion.

Here, the child has special needs, and the trial court found that the cost of professional supervision for the child would offset economic gain from wife's employment. Husband has had relative success in the workforce and has the ability to continue paying maintenance. The parties did not contemplate the child's special educational needs at the time of the dissolution. Furthermore, wife has learned certain specialized skills for tutoring her daughter. As a result of these skills, the marginal utility of her time spent at that task would outweigh the marginal profit of her time in the labor market even if we ignored the unique benefits inherent in a parent-child relationship. Under these circumstances it is not unreasonable or

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

arbitrary for a wife to place the welfare of her child above any potential financial burden maintenance may impose upon the child's father. *Sarandos v. Sarandos,* 643 S.W.2d 854, 857 (Mo.App.1982); (*quoting Prenavo,* 556 S.W.2d at 467).

In *Sarandos,* a custodial mother chose not to work because of her limited employability and her desire to be a full-time mother to her thirteen-year-old son. The trial court awarded her maintenance to provide for her reasonable needs while she devoted her time to raising the child. This court held that such an award fell within the discretion of the trial court. *Id.*

Similarly, in *Prenavo,* a custodial mother had limited employment opportunities and a twelve-year-old son. 556 S.W.2d at 467. She preferred to be at home when her son returned from school rather than have him "running in the streets." *Id.* The trial court awarded her maintenance such that she would not be expected to work. The court of appeals found that the award fell within the trial court's discretion. *Id.*

In the instant appeal, the daughter's special needs make the wife's decision to favor the welfare of her child all the more reasonable. "[T]he provisions of any judgment respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Section 452.370. The trial court found that there had been a substantial and continuing change of circumstances, but that the change had not made the terms for maintenance unreasonable. We do not believe the trial court abused its discretion in making this determination.

In his second point, husband asserts that the cost of professional tutoring and supervision for the child, if required, should be considered in the determination of child support, and is irrelevant in determining maintenance. Contrary to husband's assertion, Missouri law does not require that payments made from the noncustodial parent to the custodial parent, which allow the custodial parent to remain outside of the labor market, be classified as child support. Certainly, it would be improper for a trial court to include expenses for the care of the child as maintenance. *Cohen v. Cohen,* 73 S.W.3d 39, 51 (Mo.App.2002). However, our state does not insist that the custodial parent work in the labor market simply to allow the expense of professional supervision to be termed "child support." *See Sarandos,* 643 S.W.2d at 857.

Missouri law clearly allows for maintenance where one spouse "is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home," pursuant to section 452.335, and only permits modification when such an arrangement becomes "unreasonable." Section 452.370. Missouri courts have long allowed custodial parents, otherwise employable, to receive maintenance for their support while caring for their children. *See, e.g., Vehlewald,* 853 S.W.2d at 952–953. These cases extend to school-age children with sufficient frequency that we have little difficulty placing that decision within the sound discretion of the trial court. Here, we find no abuse of that discretion.

The trial court did not err in denying husband's motion to modify. Points denied.

The judgment of the trial court is affirmed.

WILLIAM H. CRANDALL JR., J., concurs.

LAWRENCE E. MOONEY, J., concurs.