

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| RITA VACCA, | ) | No. ED100508 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Mary Elizabeth Ott |
| MATTHEW VACCA, | ) | |
| | ) | |
| Respondent. | ) | FILED: November 25, 2014 |

Matthew Vacca ("Husband") and Rita Vacca ("Wife") both appeal from the trial court's

Judgment/Order and Decree of Dissolution.  We reverse and remand.

## I.  Background

Husband and Wife met in law school in 1988 and were married in 1992.  Their sole child,

Daughter, was born in 1995, and since 2012 has been a student at the University of Missouri-

Columbia.  Husband has been on disability since 2011.

Wife filed for dissolution of marriage on February 10, 2011, and Husband counter-

petitioned for dissolution of the marriage on January 12, 2012.  The parties agreed to a consent

order pedente lite, including a parenting plan, which was entered on February 16, 2012, and

established joint legal and physical custody of Daughter and gave Husband sole possession of the

marital home.  Wife was to pay Daughter's medical and dental insurance.

A bench trial was held on May 22 and 23, 2012, at which point the case was taken under submission. The judgment, however, was not entered for almost a year, and in the interim, the parties both filed motions to reopen the evidence for additional testimony. After Husband and Wife submitted amended statements of income and expenses and statements of property, the trial court entered its Judgment/Order and Decree of Dissolution ("Judgment") on May 16, 2013.

The Judgment contained findings of fact and conclusions of law, which included holding, *inter alia*, that the marriage was irretrievably broken; that the parties had agreed to joint legal and physical custody of Daughter; and that Husband had engaged in marital misconduct through physical and emotional abuse of Wife. The trial court awarded Husband $100,950 from the sale of the marital home, his entire state pension, his 2007 Hyundai valued at $21,000, two Charles Schwab accounts totaling $1,616, half of the parties' bank accounts, and the $95,000 value of his condominium. Wife was awarded $100,950 from the sale of the marital home, her 2007 Hyundai Azer valued at $1,000, half of the parties' bank accounts, one Charles Schwab account totaling $20,000, her two 401(k) accounts, her life insurance policy valued at $66,000, and a MOST account for Daughter totaling $21,587.13. The trial court divided the parties' debts equally.

The Judgment next addressed maintenance, finding that Husband was "in poor health and without adequate means to support himself" and that Wife was "of adequate means to support herself and to provide support to Husband." The trial court found that Husband's reasonable needs for living expenses totaled approximately $16,000 per month, and ordered Wife to pay Husband $1,200 per month in maintenance, to terminate upon the death of either party or upon Husband's remarriage, and modifiable upon proof of a substantial and continuing change of circumstances.

2

The Judgment then examined child support, including the following language: "The Court finds that the Form 14 determination of Child Support herein is unjust and inappropriate given the age of the minor child, the College Student status of the minor child, the incomes of the parties, and the maintenance obligation of Wife as stated above." The Form 14 calculation included in the Parenting Plan listed $954 as the "Presumed Monthly Support" to be paid from Wife to Husband. However, notwithstanding the above quoted language, the trial court ordered Wife to pay $954 to Husband in child support.

Finally, the trial court awarded Husband $12,000 for his attorney's fees. Both parties filed motions to amend the judgment or for new trial, although after the motions were argued and taken under submission, the trial court did not rule on them before September 13, 2013, at which point they were deemed denied. Rule 78.06. These appeals followed, and are consolidated here.

## II. Discussion

Both parties challenge every aspect of the trial court's Judgment, including the maintenance award, the child support order, the findings of marital misconduct or lack thereof, the distribution of property, and the attorney's fees order.

In a judge-tried case, we will sustain the trial court's judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the trial court's credibility determinations and view the evidence and the inferences drawn therefrom in the light most favorable to the judgment. Vinson v. Adams, 192 S.W.3d 492, 494 (Mo. App. E.D. 2006). The trial court is granted broad discretion in the division of property, granting of maintenance, and awarding of attorney's fees; as such, we review those decisions for abuse of discretion. Schuh v. Schuh, 271 S.W.3d 35, 37

3

(Mo. App. E.D. 2008) (citing Evans v. Evans, 45 S.W.3d 532, 526 (Mo. App. W.D. 2001));

Wilson v. Wilson, 642 S.W.2d 132, 136 (Mo. App. W.D. 1982).

Upon review of the record, we agree with the parties that the trial court's decision is arbitrary and without evidence to support it in every aspect. For example, the trial court ordered Wife to pay Husband maintenance in the amount of $1,200 per month, based on a finding that Husband's monthly expenses totaled $16,000. However, this figure is not explained or supported anywhere in the record. Husband originally claimed $8,630.98 in monthly expenses, later submitting amended statements of income and expenses that listed $11,177.87 for the same category of expenses, as well as "additional expenses," which Husband said ranged from $7,607.49 to $11,607.49, for a combined total of $24,143.28 to $29,221.28 per month. Aside from the questionably substantial increase in Husband's monthly expenses, the trial court's ultimate determination of his expenses – $16,000 – is not supported by the record. It appears to be an arbitrary number the trial court decided was close enough to the median of Husband's progressively increasing expense statements, higher than his original statement and lower than the final amended statements he submitted. This amounts to a decision "so arbitrary and unreasonable that it shocks the sense of justice and indicates lack of careful consideration." Corrier v. Corrier, 112 S.W.3d 443, 446 (Mo. App. E.D. 2003).

The child support award is just as arbitrary and unfounded in the evidence. Daughter currently attends the University of Missouri, which is financed entirely by Wife, and even though Daughter does not even reside with Husband, the trial court ordered Wife to pay $954 in child support. This, after a seemingly explicit finding in the Judgment which states: "The Court finds that the Form 14 determination of Child Support herein is unjust and inappropriate given the age of the minor child, the College Student status of the minor child, the income of the parties, and

4

the maintenance obligation of Wife as stated above." And yet, a mere eight paragraphs later in the Judgment, the trial court orders Wife to pay $954 per month, which is the amount taken from the same Form 14 calculation the trial court just described as "unjust and inappropriate." This blatant contradiction indicates the "lack of careful consideration" that renders a decision arbitrary and unreasonable. Id.

The rest of the Judgment is filled with similarly arbitrary decisions, which is likely due, at least in part, to the nearly year-long gap between the conclusion of the trial and the issuance of the Judgment. During this time the parties were allowed to submit amended statements of income and expenses, although no examination about the accuracy of these statements ever took place. The parties also both filed motions for new trial or to amend the Judgment after it was issued, but those motions expired without a decision ever having been made. They simply lapsed due to time. Rule 78.06.

Ultimately, the entire Judgment is without substantial evidence to support it and is so arbitrary and unreasonable that it amounts to an abuse of discretion. We vacate the trial court's judgment and remand for a new trial for proper determination of maintenance, child support, property division, and attorney's fees.

### III.  Conclusion

The judgment of the trial court is vacated and remanded, with directions to the trial court.

_____
ROY L. RICHTER, Judge

Patricia L. Cohen, P.J., concurs
Robert M. Clayton III, J., concurs

5